COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

LAZARO HERNANDEZ,             §

          Appellant,        §

v.                         §

CARMEN S. HERNANDEZ,      §

          Appellee.        §

                                 §

No. 08-08-00231-CV

Appeal from the

65th District Court

of El Paso County, Texas

(TC# 2002CM7369)

## O P I N I O N

Appellant, Lazaro Hernandez, appeals the trial court's findings, orders, and awards in his divorce case, complaining that the trial court committed error and abused its discretion. Finding that Appellant failed to adequately brief his issues, we determine that nothing is presented for review and, therefore, affirm the trial court's judgment.

## BACKGROUND

Appellant and Appellee were married in 1973, and Appellant petitioned for divorce in 2002. Temporary orders and injunctions were issued, and on January 9, 2006, the trial court issued an agreed decree of divorce. Appellant's motion for new trial was granted and the trial court issued a final decree of divorce on March 20, 2008. The trial court made its findings, issued orders, and divided and awarded the marital estate between the parties. Appellant filed his notice of appeal.

After delivering his brief to this Court, Appellant was informed that his brief was not prepared in accordance with Rules 38.1(a), 38.1(e), and 38.1(k) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 38.1(a), 38.1(e), and 38.1(k). Appellant prepared and filed his "corrected" brief on November 21, 2008.

**DISCUSSION**

In six issues on appeal, Appellant complains that the trial court erred when it held him in contempt and awarded monies and "arrearages" to Appellee, and abused its discretion by prohibiting him from withdrawing investment funds until 2015, awarding attorney's fees to Appellee, awarding spousal maintenance in an improper amount, and not providing him with a proper credit. We do not, however, address these complaints as we find them inadequately briefed.

The Rules of Appellate Procedure require that Appellant's brief contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). When, as here, the appellate issues are unsupported by argument or lack citation to the record or legal authority, nothing is presented for review. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App. – El Paso 2007, no pet.); *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App. – El Paso 2007, pet. struck); *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App. – Amarillo 2003, pet. denied); *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App. – Houston [14th Dist.] 2002, no pet.). As we noted in *Valadez*, it is Appellant's burden to discuss his assertions of error, and we have no duty - or even right - to perform an independent review of the record and applicable law to determine whether there was error. *Valadez*, 238 S.W.3d at 845. Appellant's argument should also explain why the law stated in the cited authorities is applicable to the facts of the case and why it supports the party's position. *Swearingen v. State*, 101 S.W.3d 89, 100 (Tex. Crim. App. 2003) (holding that party failing to apply the law to the facts in his brief waives error); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App. – Houston [14th Dist.] 2005, no pet.) (holding that "parties asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law supports their contentions").

In this instance, although Appellant provides citation to two statutes, one in his fourth issue and another in his fifth issue, his arguments remain unsupported by legal citations to any relevant authority, contain sparse citation to the record, and fail to support his contentions by applying the law to the facts established in the record. Consequently, Appellant has waived these issues.[1] *See* TEX. R. APP. P. 38.1; *Swearingen*, 101 S.W.3d at 100 (holding that party failing to apply the law to the facts in his brief waives error); *San Saba Energy, L.P.*, 171 S.W.3d at 338; *Velasquez v. Waste Connections, Inc.*, 169 S.W.3d 432, 436 (Tex. App. – El Paso 2005, no pet.) (issue inadequately briefed because argument did not contain any references to relevant cases or legal principles); *Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 646 (Tex. App. – Houston [1st Dist.] 2002, no pet.) (issue inadequately briefed when party did little more than summarily state his point of error, without citations to legal authority or substantive analysis). We therefore overrule Appellant's complaints on appeal.

---

[1] Regarding Appellant's contempt-order complaint, we note that a court of appeals lacks jurisdiction to review a contempt order on direct appeal. *Texas Animal Health Commission v. Nunley*, 647 S.W.2d 951, 952 (Tex. 1983); *Ex parte Williams*, 690 S.W.2d 243, 243 n.1 (Tex. 1985); *Vernon v. Vernon*, 225 S.W.3d 179, 180 (Tex. App. – El Paso 2005, no pet.); *Krone v. Krone*, No. 08-03-00144-CV, 2004 WL 1282646, at *1 (Tex. App. – El Paso June 10, 2004, pet. denied); *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (stating the general rule that, with a few mostly statutory exceptions, an appeal may be taken only from a final judgment). However, a contempt judgment may be attacked by a petition for writ of habeas corpus where the contemnor is confined or by a petition for writ of mandamus if the contemnor is not confined. *In re Office of Atty. Gen. of Texas*, 215 S.W.3d 913, 916 (Tex. App. – Fort Worth 2007, no pet.); *see Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App. – Fort Worth 2001, pet. denied).

**CONCLUSION**

The trial court's judgment is affirmed.

GUADALUPE RIVERA, Justice

June 30, 2010

Before Chew, C.J., McClure, and Rivera, JJ.