COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAMES SCOTT, | § | No. 08-11-00011-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 120th District Court |
| THE COUNTY OF EL PASO, TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 2010-1092) |
| | § | |

**MEMORANDUM OPINION**

James Scott appeals from the trial court's order granting El Paso County's plea to the jurisdiction. We affirm.

**BACKGROUND**

James Scott, a state prison inmate acting *pro se*, sued El Paso County, alleging that two county employees – District Attorney Jaime Esparza and District Clerk Gilbert Sanchez – were "guilty of violating the expunction order signed by Judge Ables of the 216th District Court of Kerr County . . . [and] fail[ing] to perform their duties, specifically requesting the court to remove the expunged conviction from [the] indictment [in El Paso County] cause no. 81692-120."[1] Scott alleged further that, because of Esparza's and Sanchez's failure to act, he "suffer[ed] severe emotional distress and mental anguish," for which he sought injunctive relief and $600,000 in damages.

---

[1] It is difficult to determine from Scott's petition the exact nature of his claims. However, it appears from the record and from the appellate briefs that his claims arose from: his 1996 conviction for aggravated robbery in El Paso County cause number 81692; the fact that his punishment for that offense was enhanced by two prior felony convictions, one of which was from Kerr County; and the fact that the Kerr County conviction was later set aside and ordered expunged.

El Paso County filed a plea to the jurisdiction, in which it argued that Scott had failed to show a waiver of governmental immunity from suit.[2] *See Texas Dept. of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (summarizing law of governmental immunity). After a hearing, the trial court granted the county's plea.

Scott, in his brief to this Court, contends that the trial court erred in granting the county's plea because, "[u]nder Texas Tort Claim[s] Act 101.021 (personal injury), the court has authority to consider the claims; a governmental [entity] can be sued for personal injury." (Parenthetical material in original.) Scott offers no further argument or authority in support of his contention.

## DISCUSSION

An appellate brief is "meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case . . . ." TEX. R. APP. P. 38.9. To that end, a brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Further, a brief must explain how the law that is cited is applicable to the facts of the case, so that the appellate court is not left guessing as to the exact nature of the party's argument. *Hernandez v. Hernandez*, 318 S.W.3d 464, 466 (Tex. App. – El Paso 2010, no pet.). If a brief fails to apply the cited law to the facts of the case, then the brief is inadequate and presents nothing for review. *Id*.

Scott, in his appellate brief, fails to explain how the cited law – the Texas Tort Claims Act, Texas Civil Practices and Remedies Code § 101.021 – applies to the facts of this case. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011). Therefore, his brief presents nothing for our

---

[2] The common law doctrine of governmental immunity protects counties from suit. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).

review.  In any event, section 101.021 waives governmental immunity only in three areas – claims arising out of the use of motor-driven vehicles and motor-driven equipment, claims arising from the condition or use of real property, and claims arising from the condition or use of personal property – none of which appears applicable to the facts of this case.  *See* W. Dorsaneo, 19 *Texas Litigation Guide* § 293.10[1] (2011).  We therefore overrule Scott's issue.

## CONCLUSION

We affirm the trial court's order.


                    GUADALUPE RIVERA, Justice

October 26, 2011

Before McClure, C.J., Rivera, J., and Chew, C.J., (Senior)