COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

RICKY JACKSON, §

               Appellant, §

v. §

THE STATE OF TEXAS, §

               Appellee. §

§

§

§

No. 08-10-00320-CR

Appeal from the

226th District Court

of Bexar County, Texas

(TC# 2009CR12122)

## O P I N I O N

Appellant appeals his conviction for delivery of a controlled substance, asserting that the evidence was legally insufficient to support his conviction.[1]  We affirm.

## BACKGROUND

At trial, Officer Charles Covington of the San Antonio Police Department (SAPD) testified that he was working in an undercover capacity when he was flagged down at a well-lit intersection by an individual who Officer Covington identified as Appellant.  Appellant, the only person at the intersection, approached Officer Covington's vehicle and, from a distance of three or four feet, asked Officer Covington what he needed.  After Officer Covington informed Appellant that he wanted to purchase crack cocaine, Appellant stated that he could get it, took

---

[1] Although Appellant prefaces his brief with a "jurisdictional statement and objection" to the transfer of this case from the Fourth Court of Appeals to the Eighth Court of Appeals pursuant to a docket equalization order, and asserts that he has incorporated both by reference and by his motion to supplement the record, the previous briefing on the transfer issue, we find no motion to supplement the brief in the record before us.  Appellant's transfer request was denied by the Texas Supreme Court, and we express no opinion thereon.  Because this case was transferred from the Fourth Court of Appeals, we decide the case in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

the twenty dollars offered by Officer Covington, and then instructed Officer Covington to park his vehicle at the curb while Appellant went to retrieve the cocaine.

Detective Kevin Nogle, who had been observing the transaction between Officer Covington and Appellant, identified Appellant at trial as the only person at the intersection. After viewing this initial encounter, Detective Nogel drove his unmarked vehicle and followed Appellant as he walked away from Officer Covington. Detective Nogel observed Appellant enter a neighborhood where Appellant met with some individuals and walk back to Officer Covington. Detective Nogel twice lost sight of Appellant, first for 10 to 15 seconds when Appellant met with the individuals and again when he drove a block to regain sight of Officer Covington's location. Detective Nogel testified that he was able to relocate Appellant by recognizing his clothing and because Appellant was the only person at the particular location despite other persons being present in the area. Detective Nogle testified that the person he saw speaking to Officer Covington on the second occasion was the same person who had been conversing with the officer during the first encounter.

Upon his return, Appellant informed Officer Covington that he had the crack cocaine and then handed it to Officer Covington by reaching into Officer Covington's vehicle. After Appellant asked Officer Covington for some money for himself, Officer Covington gave Appellant a beer and then departed. Detective Nogle saw Appellant approach Officer Covington's window and make "an exchange," and then observed Officer Covington provide a beer to Appellant.

After driving away, Officer Covington notified his fellow officers by radio that the transaction had been executed and that the other officers should contact Appellant, a tall and skinny person with a beer, who was the only person at the intersection. Detective Nogle

2

observed Appellant sitting at the corner with a beer in his hand and also radioed a marked unit to "come get him." Officer Covington drove to the next block and watched Appellant in his mirror until a patrol car arrived at Appellant's location.

Officer James Schneider, who was nearby in a marked police car and listening to the radio communications, drove to the intersection, got out of his vehicle, and approached Appellant who was sitting on the corner and drinking a beer. Officer Schneider testified that no other persons were at the location. Appellant was then identified as Ricky Jackson and was arrested for delivery of a controlled substance. Detective Nogle testified that the person sitting on the corner with a beer who was approached by the marked unit was the same person whom he had observed conducting the transaction with Officer Covington. The evidence delivered by Appellant weighed .114 grams and was confirmed to be crack cocaine by the Bexar County Crime Lab.

A jury convicted Appellant of delivery of a controlled substance in an amount less than one gram and sentenced him to nine years' confinement after he pleaded true to having two prior felony convictions.

## DISCUSSION

In his first issue, Appellant contends that he successfully argued at trial the defensive theory of mistaken identity and asserts that the evidence is legally insufficient to support his conviction because no rational trier of fact could have found that the State proved Appellant's identity as the offender beyond a reasonable doubt. We disagree.

### Standard of Review

When considering a sufficiency challenge, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the

3

essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Legal sufficiency under *Jackson v. Virginia* is now the only standard that we apply in determining whether evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex.Crim.App. 2010), *overruling Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App. 1996) (establishing factual-sufficiency standard of review). Under this standard, we defer to "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789; *Brooks*, 323 S.W.3d at 894, 899, 916. Considering all the evidence in the light most favorable to the verdict, we determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789; *Brooks*, 323 S.W.3d at 899. Sufficiency of the evidence is to be measured by the elements of the offense as defined by the hypothetically-correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). A hypothetically-correct jury charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id*.

When we review the sufficiency of the evidence, we should consider "events occurring before, during and after the commission of the offense, and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Cordova v. State*, 698 S.W.2d 107, 111 (Tex.Crim.App. 1985). Each fact need not point directly and

4

independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See Johnson v. State*, 871 S.W.2d 183, 186 (Tex.Crim.App. 1993) ("[I]t is not necessary that every fact point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances."); *Barnes v. State*, 876 S.W.2d 316, 321 (Tex.Crim.App. 1994). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and may alone be sufficient to establish guilt. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004).

It is our duty to determine whether the explicit and implicit findings of the jury are rational in a light most favorable to the verdict. *Adelman v. State*, 828 S.W.2d 418, 422 (Tex.Crim.App. 1992). The introduction of conflicting evidence does not render evidence insufficient. *Matchett v. State*, 941 S.W.2d 922, 936 (Tex.Crim.App. 1996). We assume that the fact finder resolved conflicts in the evidence in favor of the jury's verdict. *Matchett*, 941 S.W.2d at 936. Similarly, we presume that the trier of fact resolved any conflicting inferences in favor of the prosecution and must defer to that resolution. *Id.*

The only element of the charged offense of delivery of a controlled substance that Appellant challenges is his identity as the individual who delivered the crack cocaine to Officer Covington. Appellant contends that discrepancies in the police officers' descriptions and recollections of his clothing, the short periods when officers were temporarily unable to view Appellant, the existence of other people in "the area" where officers met or arrested Appellant, and that after his arrest, officers allegedly took him and met at a restaurant where they photographed Appellant but never performed a photographic lineup of him, render the evidence insufficient to support his conviction due to mistaken identity. Much of this evidence was

countered by other conflicting evidence, which we assume the jury resolved in favor of its verdict. *Brooks*, 323 S.W.3d at 899; *Matchett*, 941 S.W.2d at 936; *see also Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986) ("The trier of fact may believe a witness even though his testimony is contradicted."). Although subject to a 10- to 15-second observation gap, the evidence shows that a ten-minute chain of surveillance was established between police officers whereby they were able to monitor Appellant's identity and activity. The evidence also consists of Officer Covington's eyewitness identification of Appellant with whom he met face-to-face during the transaction and identified at trial. Because a rational jury could find beyond a reasonable doubt that Appellant was the individual who met with and then delivered the crack cocaine to Officer Covington, the evidence is legally sufficient to support Appellant's conviction. *Adelman*, 828 S.W.2d at 422. Issue One is overruled.

Appellant identifies his second issue, in its entirety, as: "A preliminary issue: Is there still a distinct state law standard of review apart from *Jackson v. Virginia*?" The State contends that Appellant has waived this issue for failing to follow Rule 38.1(i) and failing to explain why the authorities cited within his argument are applicable to the facts of his case. TEX. R. APP. P. 38.1(i). We agree.

The Rules of Appellate Procedure require that a party's brief contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). The Texas Court of Criminal Appeals has also explained that a party's argument on appeal should explain both why the law set forth in the brief is applicable and why the law supports its contentions. *Swearingen v. State*, 101 S.W.3d 89, 100 (Tex.Crim.App. 2003) (holding that appellant's failure to apply the law to the facts of his case rendered his issues inadequately briefed and, thus, waived); *Smith v. State*, 907 S.W.2d 522, 532 (Tex.Crim.App.

6

1995) (holding that because appellant failed to apply the law to the facts of his case to demonstrate why he should prevail, his point of error was inadequately briefed); *Hernandez v. Hernandez*, 318 S.W.3d 464, 466 (Tex.App. – El Paso 2010, no pet.). An appellant bears the burden of discussing his issues on appeal and we have no duty or right to perform an independent review of the record and applicable law to determine whether there was error. *Hernandez*, 318 S.W.3d at 466, *citing Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex.App. –El Paso 2007, no pet.).

Appellant asserts that the Court of Criminal Appeals' holding in *Brooks v. State*, 323 S.W.3d 893 (Tex.Crim.App. 2010), eliminated all standards of review other than the *Jackson v. Virginia* sufficiency-of-the-evidence standard, including those standards established by *Malik v. State*, 953 S.W.2d 234 (Tex.Crim.App. 1997), *Gollihar v. State*, 46 S.W.3d 243 (Tex.Crim.App. 2001), and *Fuller v. State*, 73 S.W.3d 250 (Tex.Crim.App. 2002). However, Appellant provides no analysis to explain how his assertion, if true, applies to the facts of his case nor does he demonstrate or even argue why he should prevail if his assertion is true. In fact, Issue Two is completely devoid of any citation to either the facts of Appellant's case or to the record.

While an appellant may make a novel argument for which there is no direct authority, he is not relieved of the duty to apply the law to the facts of his case and to demonstrate why he should prevail thereunder. TEX. R. APP. P. 38.1(i); *compare Tong v. State*, 25 S.W.3d 707, 710 (Tex.Crim.App. 2000) (an appellant must ground his novel contention in analogous case law or provide the Court with the relevant jurisprudential framework for evaluating his claim); *see Swearingen*, 101 S.W.3d at 100; *Smith*, 907 S.W.2d at 532; *Hernandez*, 318 S.W.3d at 466. By failing to both apply his argument to the facts of his case and to demonstrate why he should prevail, Appellant has waived his second issue. Issue Two is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


                                        GUADALUPE RIVERA, Justice

December 7, 2011

Before McClure, C.J., Rivera, J., and Antcliff, J.

 (Do Not Publish)