COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
 RICKY JACKSON, 
 
 
 §
 
 
  
 
 
 
 
  
 
 
  
 
 
 No. 08-10-00320-CR
 
 
 
 
 Appellant,
 
 
 §
 
 
  
 
 
 
 
  
 
 
  
 
 
 Appeal from the
 
 
 
 
 v. 
 
 
 §
 
 
  
 
 
 
 
  
 
 
  
 
 
 226th District
 Court
 
 
 
 
  
 
 
 §
 
 
  
 
 
 
 
 THE STATE OF TEXAS,
 
 
  
 
 
 of Bexar County,
 Texas
 
 
 
 
  
 
 
 §
 
 
  
 
 
 
 
 Appellee.
 
 
  
 
 
 (TC# 2009CR12122)
 
 
 
 
  
 
 
 §
 
 
  
 
 


 

O P I N I O N

Appellant appeals his conviction for delivery of a controlled substance, asserting
that the evidence was legally insufficient to support his conviction. [1]  We affirm.

BACKGROUND

At trial, Officer Charles Covington of the San Antonio Police Department
(SAPD) testified that he was working in an undercover capacity when he was
flagged down at a well-lit intersection by an individual who Officer Covington
identified as Appellant.  Appellant, the
only person at the intersection, approached Officer Covington’s vehicle and,
from a distance of three or four feet, asked Officer Covington what he
needed.  After Officer Covington informed
Appellant that he wanted to purchase crack cocaine, Appellant stated that he
could get it, took the twenty dollars offered by Officer Covington, and then
instructed Officer Covington to park his vehicle at the curb while Appellant
went to retrieve the cocaine.

Detective Kevin Nogle, who had been observing the transaction between Officer
Covington and Appellant, identified Appellant at trial as the only person at
the intersection.  After viewing this
initial encounter, Detective Nogel drove his unmarked vehicle and followed Appellant
as he walked away from Officer Covington. 
Detective Nogel observed Appellant enter a neighborhood where Appellant
met with some individuals and walk back to Officer Covington.  Detective Nogel twice lost sight of Appellant,
first for 10 to 15 seconds when Appellant met with the individuals and again when
he drove a block to regain sight of Officer Covington’s location.  Detective Nogel testified that he was able to
relocate Appellant by recognizing his clothing and because Appellant was the
only person at the particular location despite other persons being present in
the area.  Detective Nogle testified that
the person he saw speaking to Officer Covington on the second occasion was the
same person who had been conversing with the officer during the first
encounter.

Upon his return, Appellant informed Officer Covington that he had the
crack cocaine and then handed it to Officer Covington by reaching into Officer
Covington’s vehicle.  After Appellant
asked Officer Covington for some money for himself, Officer Covington gave
Appellant a beer and then departed.  Detective
Nogle saw Appellant approach Officer Covington’s window and make “an exchange,”
and then observed Officer Covington provide a beer to Appellant.

After driving away, Officer Covington notified his fellow officers by
radio that the transaction had been executed and that the other officers should
contact Appellant, a tall and skinny person with a beer, who was the only
person at the intersection.  Detective
Nogle observed Appellant sitting at the corner with a beer in his hand and also
radioed a marked unit to “come get him.” 
Officer Covington drove to the next block and watched Appellant in his
mirror until a patrol car arrived at Appellant’s location.

Officer James Schneider, who was nearby in a marked police car and
listening to the radio communications, drove to the intersection, got out of
his vehicle, and approached Appellant who was sitting on the corner and
drinking a beer.  Officer Schneider
testified that no other persons were at the location.  Appellant was then identified as Ricky Jackson
and was arrested for delivery of a controlled substance.  Detective Nogle testified that the person sitting
on the corner with a beer who was approached by the marked unit was the same
person whom he had observed conducting the transaction with Officer
Covington.  The evidence delivered by
Appellant weighed .114 grams and was confirmed to be crack cocaine by the Bexar
County Crime Lab.

A jury convicted Appellant of delivery of a controlled substance in an
amount less than one gram and sentenced him to nine years’ confinement after he
pleaded true to having two prior felony convictions.

DISCUSSION

In his first issue, Appellant contends that he successfully argued at
trial the defensive theory of mistaken identity and asserts that the evidence
is legally insufficient to support his conviction because no rational trier of
fact could have found that the State proved Appellant’s identity as the
offender beyond a reasonable doubt.  We
disagree.

Standard of Review

When considering a sufficiency challenge, we view the evidence in the
light most favorable to the verdict to determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d
560 (1979).

Legal sufficiency under Jackson v.
Virginia is now the only standard that we apply in determining whether
evidence is sufficient to support each element of a criminal offense that the
State is required to prove beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 99
S.Ct. 2781, 61 L.Ed.2d 560 (1979); Brooks v. State, 323 S.W.3d 893, 895
(Tex.Crim.App. 2010), overruling Clewis v. State, 922 S.W.2d 126
(Tex.Crim.App. 1996) (establishing factual-sufficiency standard of
review).  Under this standard, we defer
to Athe responsibility of the trier of fact
fairly to resolve conflicts in the testimony, to weigh the evidence, and to
draw reasonable inferences from basic facts to ultimate facts.@  Jackson,
443 U.S. at 319, 99 S.Ct. at 2789; Brooks, 323 S.W.3d at 894, 899, 916.  Considering all the evidence in the light
most favorable to the verdict, we determine whether the jury was rationally
justified in finding guilt beyond a reasonable doubt.  Jackson, 443 U.S. at 319, 99 S.Ct. at 2789;
Brooks, 323 S.W.3d at 899.  Sufficiency of the evidence is to be measured
by the elements of the offense as defined by the hypothetically-correct jury
charge.  Malik v. State, 953
S.W.2d 234, 240 (Tex.Crim.App. 1997).  A
hypothetically-correct jury charge accurately sets out the law, is authorized
by the indictment, does not unnecessarily increase the State’s burden of proof
or unnecessarily restrict the State’s theories of liability, and adequately
describes the particular offense for which the defendant was tried.  Id.

When we review the sufficiency of the
evidence, we should consider Aevents
occurring before, during and after the commission of the offense, and may rely
on actions of the defendant which show an understanding and common design to do
the prohibited act.@  Cordova
v. State, 698 S.W.2d 107, 111 (Tex.Crim.App. 1985).  Each fact need not point directly and
independently to the guilt of the appellant, as long as the cumulative force of
all the incriminating circumstances is sufficient to support the
conviction.  See Johnson v. State,
871 S.W.2d 183, 186 (Tex.Crim.App. 1993) (A[I]t
is not necessary that every fact point directly and independently to the
defendant’s guilt; it is enough if the conclusion is warranted by the combined
and cumulative force of all the incriminating circumstances.@); Barnes v. State, 876 S.W.2d 316,
321 (Tex.Crim.App. 1994).  Circumstantial
evidence is as probative as direct evidence in establishing the guilt of an
actor, and may alone be sufficient to establish guilt.  Guevara v. State, 152 S.W.3d 45, 49
(Tex.Crim.App. 2004).

It is our duty to determine whether the
explicit and implicit findings of the jury are rational in a light most
favorable to the verdict.  Adelman v.
State, 828 S.W.2d 418, 422 (Tex.Crim.App. 1992).  The introduction of conflicting evidence does
not render evidence insufficient.  Matchett
v. State, 941 S.W.2d 922, 936 (Tex.Crim.App. 1996).  We assume that the fact finder resolved
conflicts in the evidence in favor of the jury’s verdict.  Matchett, 941 S.W.2d at 936.  Similarly, we presume that the trier of fact
resolved any conflicting inferences in favor of the prosecution and must defer
to that resolution.  Id.

The only element of the charged offense of delivery of a controlled
substance that Appellant challenges is his identity as the individual who
delivered the crack cocaine to Officer Covington.  Appellant contends that discrepancies in the
police officers’ descriptions and recollections of his clothing, the short
periods when officers were temporarily unable to view  Appellant, the existence of other people in
“the area” where officers met or arrested Appellant, and that after his arrest,
officers allegedly took him and met at a restaurant where they photographed
Appellant but never performed a photographic lineup of him, render the evidence
insufficient to support his conviction due to mistaken identity.  Much of this evidence was countered by other
conflicting evidence, which we assume the jury resolved in favor of its verdict.
 Brooks,
323 S.W.3d at 899; Matchett, 941 S.W.2d at 936; see also Sharp v. State, 707 S.W.2d 611,
614 (Tex.Crim.App. 1986) (“The trier of fact may believe a witness even though
his testimony is contradicted.”).  Although
subject to a 10- to 15-second observation gap, the evidence shows that a ten-minute
chain of surveillance was established between police officers whereby they were
able to monitor Appellant’s identity and activity.  The evidence also consists of Officer
Covington’s eyewitness identification of Appellant with whom he met
face-to-face during the transaction and identified at trial.  Because a rational jury could find beyond a
reasonable doubt that Appellant was the individual who met with and then delivered
the crack cocaine to Officer Covington, the evidence is legally sufficient to
support Appellant’s conviction.  Adelman, 828 S.W.2d at 422.  Issue One is overruled.

Appellant identifies his second issue, in its entirety, as:  “A preliminary issue:  Is there still a distinct state law standard
of review apart from Jackson v. Virginia?”  The State contends that Appellant has waived
this issue for failing to follow Rule 38.1(i) and failing to explain why the
authorities cited within his argument are applicable to the facts of his
case.  Tex.
R. App. P. 38.1(i).  We agree.

The Rules of Appellate Procedure require that a party’s brief contain “a
clear and concise argument for the contentions made, with appropriate citations
to authorities and to the record.”  Tex. R. App. P. 38.1(i).  The Texas Court of Criminal Appeals has also
explained that a party’s argument on appeal should explain both why the law set
forth in the brief is applicable and why the law supports its contentions.  Swearingen
v. State, 101 S.W.3d 89, 100 (Tex.Crim.App. 2003) (holding that appellant’s
failure to apply the law to the facts of his case rendered his issues
inadequately briefed and, thus, waived); Smith
v. State, 907 S.W.2d 522, 532 (Tex.Crim.App. 1995) (holding that because
appellant failed to apply the law to the facts of his case to demonstrate why
he should prevail, his point of error was inadequately briefed); Hernandez v. Hernandez, 318 S.W.3d 464,
466 (Tex.App. – El Paso 2010, no pet.). 
An appellant bears the burden of discussing his issues on appeal and we
have no duty or right to perform an independent review of the record and
applicable law to determine whether there was error.  Hernandez,
318 S.W.3d at 466, citing Valadez v.
Avitia, 238 S.W.3d 843, 845 (Tex.App. –El Paso 2007, no pet.).

Appellant asserts that the Court of Criminal Appeals’ holding in Brooks v. State, 323 S.W.3d 893
(Tex.Crim.App. 2010), eliminated all standards of review other than the Jackson v. Virginia sufficiency-of-the-evidence
standard, including those standards established by Malik v. State, 953 S.W.2d 234 (Tex.Crim.App. 1997), Gollihar v. State, 46 S.W.3d 243
(Tex.Crim.App. 2001), and Fuller v. State,
73 S.W.3d 250 (Tex.Crim.App. 2002).  However,
Appellant provides no analysis to explain how his assertion, if true, applies
to the facts of his case nor does he demonstrate or even argue why he should
prevail if his assertion is true.  In
fact, Issue Two is completely devoid of any citation to either the facts of Appellant’s
case or to the record.

While an appellant may make a novel argument for which there is no direct
authority, he is not relieved of the duty to apply the law to the facts of his
case and to demonstrate why he should prevail thereunder.  Tex. R.
App. P. 38.1(i); compare Tong v.
State, 25 S.W.3d 707, 710 (Tex.Crim.App. 2000) (an appellant must ground
his novel contention in analogous case law or provide the Court with the
relevant jurisprudential framework for evaluating his claim); see Swearingen, 101 S.W.3d at 100; Smith, 907 S.W.2d at 532; Hernandez, 318 S.W.3d at 466.  By failing to both apply his argument to the
facts of his case and to demonstrate why he should prevail, Appellant has waived
his second issue.  Issue Two is
overruled.

CONCLUSION

The trial court’s judgment is affirmed.

 

 

 

                                                                        GUADALUPE
RIVERA, Justice

December 7, 2011

 

Before McClure, C.J., Rivera, J., and Antcliff, J.

 

 (Do Not Publish)

 











[1]  Although Appellant
prefaces his brief with a “jurisdictional statement and objection” to the
transfer of this case from the Fourth Court of Appeals to the Eighth Court of
Appeals pursuant to a docket equalization order, and asserts that he has
incorporated both by reference and by his motion to supplement the record, the
previous briefing on the transfer issue, we find no motion to supplement the
brief in the record before us. 
Appellant’s transfer request was denied by the Texas Supreme Court, and we
express no opinion thereon.  Because this
case was transferred from the Fourth Court of Appeals, we decide the case in
accordance with the precedent of that court. Tex. R. App. P. 41.3.