

## NUMBER 13-11-00431-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

JOHN PAUL CLEMENTS,                                                      Appellant,

v.

VANDERBILT MORTGAGE AND FINANCE, INC.,                      Appellee.

On appeal from the County Court at Law No. 2
of Montgomery County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion Per Curiam**

Appellant, John Paul Clements, pro se, attempts to appeal a summary judgment rendered in favor of appellee, Vanderbilt Mortgage and Finance, Inc., in a foreclosure action. We dismiss the appeal for want of prosecution.

## I. BACKGROUND

Appellant's brief was originally due to be filed on August 26, 2011. By order issued on September 9, 2011, the Court granted appellant's first motion for extension of time and ordered appellant to file his brief on or before October 25, 2011. Appellant was notified that further motions for extension of time would not be favorably entertained by the Court.

Appellant then filed a second motion for extension of time requesting an additional sixty days to file his brief. Appellee filed a response in opposition to appellant's second request for additional time and moved to dismiss the appeal. According to the response, appellant "has not made a payment since June 2010" and appellee's "interest in its collateral is severely compromised by the ongoing delays caused by this appeal." Appellee requested that the Court dismiss the appeal, or in the alternative, order appellant to pay the total amount of the delinquent payments into the registry of this Court pending disposition of the appeal.

On November 8, 2011, the Court granted appellant's second motion for extension of time to file his brief. We ordered appellant to file the brief on or before December 28, 2011 and informed appellant that no further extensions would be granted in this matter. We ordered that appellee's motion to dismiss would be carried with the case. We informed appellant that if he failed to comply with this order, the Court could dismiss the appeal for want of prosecution unless appellant reasonably explained the failure and the appellee was not significantly injured by the appellant's failure to timely file a brief. *See* TEX. R. APP. P. 38.8(a)(1), 42.3(b),(c).

2

The appellant's brief in the above cause was marked "received" by this Court on December 28, 2011. By letter issued on January 6, 2012, the Clerk of the Court informed appellant that his brief failed to comply with Texas Rule of Appellate Procedure 38.1 (c), insofar as it failed to contain an index of authorities, and further informed appellant that his brief must contain citations to the record and to appropriate legal authorities. We directed appellant to forward the amended brief to this Court within fifteen days from the date of this letter.

We received appellant's amended brief on January 23, 2012. The amended brief contains an "index of authorities" that provides references to the clerk's record, but does not include reference to any legal authorities. The body of the brief fails to contain citation to any cases, statutes, or other legal authority.

## II. APPLICABLE LAW

We are to construe the Texas Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Verburgt v. Dorner*, 959 S.W.2d 615, 616–617 (Tex. 1997). The rules expressly require us to construe briefing rules liberally. *See* TEX. R. APP. P. 38.9. Accordingly, appellate briefs are to be construed reasonably so as to preserve the right to appellate review. *El Paso Nat. Gas v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 316 (Tex. 1999). Nevertheless, litigants are required to substantially comply with the appellate rules. *See* TEX. R. APP. P. 38.9; *Harkins v. Dever Nursing Home*, 999 S.W.2d 571, 573 (Tex. App.—Houston [14th Dist.], 1999, no pet.).

Pro se litigants are held to the same standards as licensed attorneys, and they must therefore comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). A pro se litigant is required to properly present his case to both the trial and appellate courts. *Valadez*, 238 S.W.3d at 845. Otherwise, pro se litigants would benefit from an unfair advantage over those parties who are represented by counsel. *See id.* Therefore, we do not make allowances or apply different standards when a case is presented by a litigant acting without the advice of counsel. *See id.*

The Texas Rules of Appellate Procedure control the required contents and organization for an appellant's brief. *See* TEX. R. APP. P. 38.1. An appellate brief is "meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case . . . ." *Id*. R. 38.9. Therefore, an appellant's brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *Id.* R. 38.1(i). This requirement is not satisfied by merely uttering brief conclusory statements unsupported by legal citations. *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.). A brief must explain how the law that is cited is applicable to the facts of the case. *Hernandez v. Hernandez*, 318 S.W.3d 464, 466 (Tex. App.—El Paso 2010); *San Saba Energy, L.P. v. Cra*wford, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied); *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

4

It is the appellant's burden to discuss his assertions of error, and "we have no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Hernandez*, 318 S.W.3d at 466; *see 2218 Bryan Street, Ltd. v. City of Dallas*, 175 S.W.3d 58, (Tex. App.—Dallas 2005, pet. denied). When an appellant's brief fails to contain a clear and concise argument for the contentions made with appropriate citations to authorities, the appellate court is not responsible for doing the legal research that might support a party's contentions. *Bolling v. Farmers Branch Indep. School Dis*t., 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). If we were to do so, we would be abandoning our role as judges and assuming the role of advocate for that party. *Id*.

If the appellate court determines that the briefing rules have been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. TEX. R. APP. P. 38.9(a); *see id*. R. 44.3 ("A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities."). A reasonable time is given to an appellant when he is provided with an opportunity to amend his brief. *See Fredonia State Bank v. General Am. Life Ins. Co*., 881 S.W.2d 279, 284 (Tex. 1994). If the appellant files another brief that does not comply with the rules of appellate procedure, the appellate court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief. TEX. R. APP. P. 38.9(a). Pursuant to Texas Rule of Appellate Procedure 38.8(a), where an appellant has failed to

5

file a brief, the appellate court may dismiss the appeal for want of prosecution. *Id*. R. 38.8(a).

### III. ANALYSIS

In the instant case, appellant filed a brief that did not meet the requirements of the appellate rules. The Clerk of this Court notified appellant and gave him a reasonable time to amend his brief. The amended brief provided by appellant also fails to meet the requirements of the appellate rules. Specifically, appellant's redrawn brief fails to comply with Rule 38.1, which requires that appellate briefs contain "argument for the contentions made, with appropriate citations to authorities and to the record." *See id.* 38.1(h). The brief provided by appellant includes record citations but fails to include any legal authority supporting his arguments.

### IV. CONCLUSION

We strike appellant's non-conforming brief, prohibit appellant from filing another, and proceed as if appellant had failed to file a brief. *See id.* 38.9(a). We order the appeal dismissed for want of prosecution. *See id.* 38.8(a), 38.9(a), 42.3(b)(c); *Johnson v. Dallas Hous. Auth.*, 179 S.W.3d 770, 770 (Tex. App.—Dallas 2005, no pet.). Appellee's motion to dismiss is granted, insofar as the appeal is dismissed, and denied as to all other relief requested therein.

It is so ORDERED.


PER CURIAM

Delivered and filed the
23rd day of February, 2012.

6