COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

§

IN THE MATTER OF THE ESTATE OF
JESSE CARL MARLEY, DECEASED,

§

§

§

§

§

No. 08-11-00084-CV

Appeal from the

112th District Court

of Crockett County, Texas

(TC#1152)

## **O P I N I O N**

Charla Marley appeals the trial court's order imposing discovery sanctions resulting in her

removal as independent executor of the estate of Jesse Carl Marley, her husband, and appointing

Jacinda Marley, her husband's daughter from a previous marriage, as successor independent

executor. We affirm.

### **FACTUAL AND PROCEDURAL BACKGROUND**

In his last will and testament and codicil, Jesse Carl Marley ("Jesse") named Charla Marley

("Charla") independent executor and Jacinda Marley ("Jacinda") successor independent executor.[1]

Following Jesse's death, Charla qualified as independent executor. When Charla failed to file an

inventory, Jacinda moved for Charla's removal as independent executor and for her appointment

as successor independent executor.[2] In response, Charla filed the inventory and a response to the

---

[1] Because the parties share the same surname, we will refer to them by their first names for clarity.

[2] Acting pursuant to a motion previously filed by Jacinda, the trial court initially removed Charla as independent executor and appointed Jacinda as successor independent executor. However, the trial court subsequently set aside its order because Jacinda had failed to serve Charla with the motion. Jacinda served Charla with her second motion to remove.

motion. Jacinda objected to the inventory on various grounds, but mainly because Charla failed to list all estate assets and to value the real property accurately. Jacinda subsequently propounded discovery upon Charla seeking this information.

Charla's failure to respond to some requests and to provide adequate answers to others prompted Jacinda to file a motion to compel and for sanctions. In an order agreed to by the parties, the trial court ordered Charla to withdraw her objections and to provide the requested information by a date certain. When Charla failed to comply with the trial court's order, Jacinda filed a second motion seeking sanctions.[3] Although notified, Charla failed to appear at the hearing on the motion.

Pursuant to Rule 215.2 of the Rules of Civil Procedure ("Rule 215.2"), the trial court found that the following sanctions were appropriate for Charla's failure to comply with the agreed order: (1) the assessment of attorney's fees against Charla; (2) the striking of Charla's pleadings; and (3) the rendering of default judgment against Charla on Jacinda's motion to remove her. Accordingly, the trial court removed Charla as independent executor, awarded attorney's fees to Jacinda, and appointed Jacinda as successor independent executor. Charla filed a motion for a new trial, but it was overruled by operation of law. This appeal followed.

**DISCUSSION**

Charla raises two issues on appeal. First, she argues that the trial court erred by removing her pursuant to Rule 215.2. Second, she argues that the trial court erred by removing her pursuant to Section 149C of the Texas Probate Code ("Section 149C") since she was not provided the required statutory notice. These two arguments rely on a single premise: Section 149C, not Rule

---

[3] Jacinda also sought to have Charla held in contempt.

2

215.2, is the applicable procedural vehicle to remove an independent executor. Accordingly, Charla devotes the bulk of her initial brief and reply brief mistakenly advancing her argument that removal was improper based on this premise. However, the issue is whether the trial court abused its discretion in imposing discovery sanctions pursuant to Rule 215.2, which resulted in Charla's removal as independent executor and Jacinda's appointment as successor independent executor. Because resolution of this issue disposes of the appeal, we need not address Charla's argument that the trial court erred by removing her pursuant to Section 149C. *See* TEX.R.APP.P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised ***and necessary*** to final disposition of the appeal")[Emphasis added].

We review a trial court's ruling on a motion for discovery sanctions for an abuse of discretion. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). A trial court abuses its discretion when its ruling is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. *Id.* at 839.

Rule 215.2 allows a trial court to sanction a party for failure to comply with a discovery order or request. *Id.* The choice of authorized sanctions is within the sound discretion of the trial court. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991)(orig. proceeding). One of the sanctions a trial court may impose is "an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing with or without prejudice the action or preceedings or any part thereof, or rendering a judgment by default . . . ."[4] TEX.R.CIV.P. 215.2(b)(5). Sanctions that strike a party's pleadings, dismiss the party's

---

[4] Other sanctions that a court may impose pursuant to Rule 215.2 include: (1) an order disallowing any further discovery of any kind; (2) an order charging all or a portion of the expenses of discovery against the disobedient party; (3) an order that the matters regarding which the order was made or any other designated facts shall be taken to be established; (4) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or

action, or render default judgment adjudicate a claim and preclude the presentation of the merits of the case; as such, they constitute death penalty sanctions. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 845 (Tex. 1992); *Powell*, 811 S.W.2d at 918.

Imposition of death penalty sanctions must be just. TEX.R.CIV.P. 215.2(b)(5); *Powell*, 811 S.W.2d at 917. The imposition of a particular sanction is just if a direct relationship exists between the offensive conduct and the sanction and if the sanction is not excessive. *Powell*, 811 S.W.2d at 917. Imposing death penalty sanctions is just if a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery hinders the discovery process to such an extent that the trial court is justified in presuming that the party's claims or defenses lack merit. *Id.* at 918.

Here, it is undisputed that the trial court imposed death penalty sanctions when it struck Charla's pleadings and rendered default judgment against her on Jacinda's motion to remove her.[5] And although we are troubled by the trial court's imposition of such severe sanctions given the facts and circumstances in this case[6], we are compelled to conclude that Charla has failed to demonstrate how the trial court abused its discretion in imposing these sanctions. As the appellant, Charla bears the burden to establish that the trial court committed reversible error. We

prohibiting designated evidence from being introduced into evidence; (5) a contempt order; and (6) an order requiring the disobedient party to pay reasonable expenses, including attorney fees, caused by the failure. TEX.R.CIV.P. 215.2(b).

[5] We are careful to note that although the death penalty sanctions levied against Charla adjudicated her claims and resolved the immediate issue of who would serve as independent executor, they did not otherwise dispose of the case.

[6] The record reveals that Charla failed to comply with the trial court's agreed discovery order and failed to appear at or participate in the hearing on Jacinda's second motion seeking sanctions despite being notified. Yet, the record also shows that only ten days had elapsed from the date Charla was required to comply with the discovery order to the date Jacinda filed her motion for sanctions and that Jacinda did not seek the imposition of death penalty sanctions in her motion, only "appropriate monetary and criminal sanctions." Of course, it is conceivable that at the hearing on the motion for sanctions, Jacinda might have sought death penalty sanctions and have provided the trial court with additional evidence and arguments why the imposition of death penalty sanctions was warranted. However, Charla did not provide us with a reporter's record of the hearing and we are thus unable to divine what occurred.

4

have no duty – or even right – to perform an independent review of the record and applicable law to determine whether there was reversible error because, by doing so, we would abandon our role as neutral adjudicators and become an advocate. *Valdez v. Avitia*, 238 S.W.3d 843, 845 (Tex.App.--El Paso 2007, no pet.); *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex.App.--Amarillo 2003, pet. denied). Accordingly, Charla was required to have submitted a brief containing a clear and concise argument, with appropriate citations to authority, to persuade us that the trial court committed reversible error when it imposed death penalty sanctions against her; otherwise, she risked having her complaint waived on appeal for inadequate briefing. *See* TEX.R.APP.P. 38.1(h), (i)(requiring an appellant to provide a clear and concise argument supported by citations to authorities); *Hernandez v. Hernandez*, 318 S.W.3d 464, 466 (Tex.App.--El Paso 2010, no pet.) (holding that when appellate issues are unsupported by argument or lack citation to legal authority, nothing is presented for appellate review).

Charla wholly failed to discharge her duty. In her initial brief, Charla provides the following one-sentence "analysis" regarding the propriety of the trial court's sanctions: "Available sanctions would include monetary sanctions, limiting discovery, or other examples given in Rule 215." Likewise, in her reply brief, Charla provides the following two-sentence "analysis" on the same subject: "The trial court went further than striking Appellant's pleadings. It could have done so, then set and given notice of a removal hearing." Charla appears to imply her conduct was subject to sanctions, but nonetheless was not so flagrant as to warrant the imposition of death penalty sanctions. Yet Charla fails to discuss in any manner how the trial court abused its discretion in imposing these sanctions and why they were not warranted in this case. And if we assume for the sake of argument that these "analytical" quips constitute Charla's

5

contention that the trial court abused its discretion in imposing death penalty sanctions, Charla fails to cite to any authority or advance any meaningful argument in her brief or reply brief in support of this contention.    Because Charla failed to adequately brief the issue on appeal and advance any meaningful argument in support of her "contention," she has presented nothing for our review.    *See* TEX.R.APP.P. 38.1(h), (i); *Hernandez*, 318 S.W.3d at 466.

## CONCLUSION

We affirm the trial court's order removing Charla as independent executor, awarding attorney's fees to Jacinda, and appointing Jacinda as successor independent executor.


May 16, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

6