COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
  
  
  
  
 IN THE MATTER OF THE ESTATE OF JESSE CARL MARLEY,
 DECEASED,
  
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
  § 
  
 
 
  
 No. 08-11-00084-CV
  
 Appeal from the
  
 112th
 District Court 
  
 of Crockett
 County, Texas 
  
 (TC#1152) 
  
 
 


 

O
P I N I O N

Charla Marley appeals the trial court’s order
imposing discovery sanctions resulting in her removal as independent executor
of the estate of Jesse Carl Marley, her husband, and appointing Jacinda Marley,
her husband’s daughter from a previous marriage, as successor independent
executor.  We affirm.

FACTUAL
AND PROCEDURAL BACKGROUND

In his last will and testament and codicil,
Jesse Carl Marley (“Jesse”) named Charla Marley (“Charla”) independent executor
and Jacinda Marley (“Jacinda”) successor independent executor.[1]  Following Jesse’s death, Charla qualified as
independent executor.  When Charla failed
to file an inventory, Jacinda moved for Charla’s removal as independent
executor and for her appointment as successor independent executor.[2]  In response, Charla filed the inventory and a
response to the motion.  Jacinda objected
to the inventory on various grounds, but mainly because Charla failed to list
all estate assets and to value the real property accurately.  Jacinda subsequently propounded discovery
upon Charla seeking this information.

Charla’s failure to respond to some requests
and to provide adequate answers to others prompted Jacinda to file a motion to
compel and for sanctions.  In an order
agreed to by the parties, the trial court ordered Charla to withdraw her
objections and to provide the requested information by a date certain.  When Charla failed to comply with the trial
court’s order, Jacinda filed a second motion seeking sanctions.[3]  Although notified, Charla failed to appear at
the hearing on the motion.

Pursuant to Rule 215.2 of the Rules of Civil
Procedure (“Rule 215.2”), the trial court found that the following sanctions were
appropriate for Charla’s failure to comply with the agreed order:  (1) the assessment of attorney’s fees against Charla;
(2) the striking of Charla’s pleadings; and (3) the rendering of default
judgment against Charla on Jacinda’s motion to remove her.  Accordingly, the trial court removed Charla
as independent executor, awarded attorney’s fees to Jacinda, and appointed
Jacinda as successor independent executor. 
Charla filed a motion for a new trial, but it was overruled by operation
of law.  This appeal followed.

DISCUSSION

            Charla raises two issues
on appeal.  First, she argues that the
trial court erred by removing her pursuant to Rule 215.2.  Second, she argues that the trial court erred
by removing her pursuant to Section 149C of the Texas Probate Code (“Section
149C”) since she was not provided the required statutory notice.  These two arguments rely on a single premise:
 Section 149C, not Rule 215.2, is the
applicable procedural vehicle to remove an independent executor.  Accordingly, Charla devotes the bulk of her initial
brief and reply brief mistakenly advancing her argument that removal was
improper based on this premise.  However,
the issue is whether the trial court abused its discretion in imposing
discovery sanctions pursuant to Rule 215.2, which resulted in Charla’s removal
as independent executor and Jacinda’s appointment as successor independent
executor.  Because resolution of this issue disposes of the
appeal, we need not address Charla’s argument that the trial court erred by removing
her pursuant to Section 149C.  See Tex.R.App.P.
47.1 (“The court of appeals must hand down a written opinion that is as brief
as practicable but that addresses every issue raised and necessary to final disposition of the appeal”)[Emphasis
added].

We review a trial court’s ruling on a motion
for discovery sanctions for an abuse of discretion.  Cire v.
Cummings, 134 S.W.3d 835, 838 (Tex. 2004).  A trial court abuses its discretion when its
ruling is arbitrary, unreasonable, or without reference to any guiding rules or
legal principles.  Id. at 839.

Rule 215.2 allows a trial court to sanction a
party for failure to comply with a discovery order or request.  Id.  The choice of authorized sanctions is within
the sound discretion of the trial court.  TransAmerican
Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991)(orig.
proceeding).  One of the sanctions a
trial court may impose is “an order striking out pleadings or parts thereof, or
staying further proceedings until the order is obeyed, or dismissing with or
without prejudice the action or preceedings or any part thereof, or rendering a
judgment by default . . . .”[4]  Tex.R.Civ.P.
215.2(b)(5).  Sanctions that strike a
party’s pleadings, dismiss the party’s action, or render default judgment adjudicate
a claim and preclude the presentation of the merits of the case; as such, they
constitute death penalty sanctions.  Chrysler Corp. v. Blackmon, 841 S.W.2d
844, 845 (Tex. 1992); Powell, 811
S.W.2d at 918.

Imposition of death penalty sanctions must be
just.  Tex.R.Civ.P.
215.2(b)(5); Powell, 811 S.W.2d at
917.  The imposition of a particular
sanction is just if a direct relationship exists between the offensive conduct
and the sanction and if the sanction is not excessive.  Powell,
811 S.W.2d at 917.  Imposing death
penalty sanctions is just if a party’s flagrant bad faith or counsel’s callous
disregard for the responsibilities of discovery hinders the discovery process
to such an extent that the trial court is justified in presuming that the party’s
claims or defenses lack merit.  Id. at 918.

Here, it is undisputed that the trial court
imposed death penalty sanctions when it struck Charla’s pleadings and rendered
default judgment against her on Jacinda’s motion to remove her.[5]  And although we are troubled by the trial
court’s imposition of such severe sanctions given the facts and circumstances
in this case[6],
we are compelled to conclude that Charla has failed to demonstrate how the
trial court abused its discretion in imposing these sanctions.  As the appellant, Charla bears the burden to
establish that the trial court committed reversible error.  We have no duty – or even right – to perform
an independent review of the record and applicable law to determine whether
there was reversible error because, by doing so, we would abandon our role as
neutral adjudicators and become an advocate. 
Valdez v. Avitia, 238 S.W.3d
843, 845 (Tex.App.--El Paso 2007, no pet.); Plummer
v. Reeves, 93 S.W.3d 930, 931 (Tex.App.--Amarillo 2003, pet. denied).  Accordingly, Charla was required to have submitted
a brief containing a clear and concise argument, with appropriate citations to
authority, to persuade us that the trial court committed reversible error when
it imposed death penalty sanctions against her; otherwise, she risked having
her complaint waived on appeal for inadequate briefing.  See Tex.R.App.P. 38.1(h), (i)(requiring
an appellant to provide a clear and concise argument supported by citations to
authorities); Hernandez v. Hernandez,
318 S.W.3d 464, 466 (Tex.App.--El Paso 2010, no pet.) (holding that when
appellate issues are unsupported by argument or lack citation to legal
authority, nothing is presented for appellate review).

Charla wholly failed to discharge her
duty.  In her initial brief,
Charla provides the following one-sentence “analysis” regarding the propriety
of the trial court’s sanctions:  “Available
sanctions would include monetary sanctions, limiting discovery, or other
examples given in Rule 215.”  Likewise,
in her reply brief, Charla provides the following two-sentence “analysis” on
the same subject:  “The trial court went
further than striking Appellant’s pleadings. 
It could have done so, then set and given notice of a removal
hearing.”  Charla appears to imply her
conduct was subject to sanctions, but nonetheless was not so flagrant as to
warrant the imposition of death penalty sanctions.  Yet Charla fails to discuss in any manner how
the trial court abused its discretion in imposing these sanctions and why they
were not warranted in this case.  And if
we assume for the sake of argument that these “analytical” quips constitute Charla’s contention that the trial court
abused its discretion in imposing death penalty sanctions, Charla fails
to cite to any authority or advance any meaningful argument in her brief or
reply brief in support of this contention. 
Because Charla failed to adequately brief the issue on appeal and
advance any meaningful argument in support of her “contention,” she has
presented nothing for our review.  See Tex.R.App.P.
38.1(h), (i); Hernandez, 318 S.W.3d
at 466.

CONCLUSION

            We
affirm the trial court’s order removing
Charla as independent executor, awarding attorney’s fees to Jacinda, and
appointing Jacinda as successor independent executor.

 

 

May 16, 2012

                                                                                    CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.











[1]
Because the parties share the same surname, we will refer to them by their
first names for clarity.

 





[2]
Acting pursuant to a motion previously filed by Jacinda, the trial court
initially removed Charla as independent executor and appointed Jacinda as
successor independent executor.  However, the trial court subsequently set
aside its order because Jacinda had failed to serve Charla with the
motion.  Jacinda served Charla with her
second motion to remove.

 





[3]
Jacinda also sought to have Charla held in contempt.





[4]
Other sanctions that a court may impose pursuant to Rule 215.2 include:   (1) an
order disallowing any further discovery of any kind;  (2) an order
charging all or a portion of the expenses of discovery against the disobedient
party;  (3) an order that the matters regarding which the order was made
or any other designated facts shall be taken to be established;  (4) an
order refusing to allow the disobedient party to support or oppose designated
claims or defenses, or prohibiting designated evidence from being introduced
into evidence;  (5) a contempt order;  and (6) an order requiring
the disobedient party to pay reasonable expenses, including attorney fees,
caused by the failure.  Tex.R.Civ.P. 215.2(b).

 





[5]
We are careful to note that although the death penalty sanctions levied against
Charla adjudicated her claims and resolved the immediate issue of who would
serve as independent executor, they did not otherwise dispose of the case.

 





[6]
The record reveals that Charla failed
to comply with the trial court’s agreed discovery order and failed to appear at
or participate in the hearing on Jacinda’s second motion seeking sanctions
despite being notified.  Yet, the record
also shows that only ten days had elapsed from the date Charla was required to
comply with the discovery order to the date Jacinda filed her motion for
sanctions and that Jacinda did not seek the imposition of death penalty
sanctions in her motion, only “appropriate monetary and criminal
sanctions.”  Of course, it is conceivable
that at the hearing on the motion for sanctions, Jacinda might have sought
death penalty sanctions and have provided the trial court with additional
evidence and arguments why the imposition of death penalty sanctions was
warranted.  However, Charla did not
provide us with a reporter’s record of the hearing and we are thus unable to
divine what occurred.