

# NUMBER 13-15-00027-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ALAN MOLNOSKEY,**                                                                      **Appellant,**

**v.**

**XOG OPERATING, LLC,**                                                                   **Appellee.**

---

### On appeal from the 25th District Court
### of Gonzales County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion Per Curiam**

Appellant, Alan Molnoskey, pro se, attempts to appeal a summary judgment rendered in favor of appellee, XOG Operating, LLC, in a suit where Molnoskey alleges that XOG breached its contract with him to pay royalties pursuant to an oil and gas lease. We dismiss the appeal for want of prosecution.

## I. BACKGROUND

Appellant's brief in the above cause was received by the Court on May 8, 2015. On May 12, 2015, the Clerk of this Court notified appellant that his brief failed generally to comply with the Texas Rules of Appellate Procedure. *See generally* TEX. R. APP. P. 38.1. Specifically, the brief did not contain an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited as required by Rule 38.1(c); the statement of facts was not supported by record references as required by Rule 38.1(g); and the argument did not contain appropriate citations to the authorities and to the record as required by Rule 38.1(i). Accordingly, we directed appellant to file an amended brief that complies with these rules within 15 days and notified appellant that if another brief that did not comply was received by the Court, the Court may strike the brief, prohibit appellant from filing another, and proceed as if appellant had failed to file a brief, under which circumstances the Court may dismiss the appeal. *See id.* 38.9(a), 42.3(b), (c).

Appellant's amended brief was received by the Court on May 22, 2015. The amended brief continued to fail to comply with TEX. R. APP. P. 38.1(c). The brief did not contain an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited. Accordingly, we again directed appellant to file an amended brief that complies with this rule within 15 days from the date of this notice, and again notified appellant that if another brief that did not comply was received by the Court, the Court may strike the brief, prohibit appellant from filing another, and proceed as if

appellant had failed to file a brief, under which circumstances the Court may affirm the judgment or dismiss the appeal. *See id* 38.9(a), 42.3 (b),(c).

Appellant's second amended brief was received on June 9, 2015. The brief lacks any citation to authorities or an index of authorities.

## II. APPLICABLE LAW

We are to construe the Texas Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Verburgt v. Dorner*, 959 S.W.2d 615, 616–617 (Tex. 1997). The rules expressly require us to construe briefing rules liberally. *See* TEX. R. APP. P. 38.9. Accordingly, appellate briefs are to be construed reasonably so as to preserve the right to appellate review. *El Paso Nat. Gas v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 316 (Tex. 1999). Nevertheless, litigants are required to substantially comply with the appellate rules. *See* TEX. R. APP. P. 38.9; *Harkins v. Dever Nursing Home*, 999 S.W.2d 571, 573 (Tex. App.—Houston [14th Dist.], 1999, no pet.).

Pro se litigants are held to the same standards as licensed attorneys, and they must therefore comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). A pro se litigant is required to properly present his case to both the trial and appellate courts. *Valadez*, 238 S.W.3d at 845. Otherwise, pro se litigants would benefit from an unfair advantage over those parties who are represented

3

by counsel. *See id.* Therefore, we do not make allowances or apply different standards when a case is presented by a litigant acting without the advice of counsel. *See id.*

The Texas Rules of Appellate Procedure control the required contents and organization for an appellant's brief. *See* TEX. R. APP. P. 38.1. An appellate brief is "meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case . . . ." *Id.* R. 38.9. Therefore, an appellant's brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *Id.* R. 38.1(i). This requirement is not satisfied by merely uttering brief conclusory statements unsupported by legal citations. *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.). A brief must explain how the law that is cited is applicable to the facts of the case. *Hernandez v. Hernandez*, 318 S.W.3d 464, 466 (Tex. App.—El Paso 2010); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied); *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.—Houston [14th Dist.] 2002, no pet.). It is the appellant's burden to discuss his assertions of error, and "we have no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Hernandez*, 318 S.W.3d at 466; *see 2218 Bryan Street, Ltd. v. City of Dallas*, 175 S.W.3d 58, (Tex. App.—Dallas 2005, pet. denied). When an appellant's brief fails to contain a clear and concise argument for the contentions made with appropriate citations to authorities, the appellate court is not responsible for doing the legal research that might support a party's contentions. *Bolling v. Farmers Branch*

*Indep. School Dist*., 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). If we were to do so, we would be abandoning our role as judges and assuming the role of advocate for that party. Id.

If the appellate court determines that the briefing rules have been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. TEX. R. APP. P. 38.9(a); *see id.* R. 44.3. A reasonable time is given to an appellant when he is provided with an opportunity to amend his brief. *See Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). If the appellant files another brief that does not comply with the rules of appellate procedure, the appellate court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief. TEX. R. APP. P. 38.9(a). Pursuant to Texas Rule of Appellate Procedure 38.8(a), where an appellant has failed to file a brief, the appellate court may dismiss the appeal for want of prosecution. *Id.* R. 38.8(a).

### III. ANALYSIS

In the instant case, appellant filed a brief that did not meet the requirements of the appellate rules. The Clerk of this Court notified appellant and gave him two reasonable opportunities to amend his brief. The second amended brief provided by appellant also fails to meet the requirements of the appellate rules. Specifically, appellant's redrawn brief fails to comply with Rule 38.1, which requires that appellate briefs contain an index of authorities and "argument for the contentions made, with appropriate citations to authorities and to the record." *See id.* 38.1(h). We note that appellant contends that XOG's motion for summary judgment should have been denied because there was a

genuine issue of material fact regarding whether there was production on the lease; however, the second amended brief provided by appellant includes record citations but fails to include an index of authorities or any legal authority supporting his argument.

## IV. CONCLUSION

We strike appellant's non-conforming brief, prohibit appellant from filing another, and proceed as if appellant had failed to file a brief. *See id.* 38.9(a). We order the appeal dismissed for want of prosecution. *See id.* R. 38.8(a), 38.9(a), 42.3(b)(c); *Johnson v. Dallas Hous. Auth.*, 179 S.W.3d 770, 770 (Tex. App.—Dallas 2005, no pet.).

It is so ORDERED.

PER CURIAM

Delivered and filed the
18th day of June, 2015.

6