**James HARKINS, Individually, and as legal representative of the Estate of Marion Harkins, Katherine Lee Rhodes, Daughter of Marion Harkins, Appellants,**

v.

**DEVER NURSING HOME, Margaret Saw, M.D., and Sheilagh Harvey, Appellees.**

**No. 14–98–00934–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 19, 1999.

Lawerence D. Pinsof, Houston, for appellants.

Mark T. Phelps, Michael D. Hudgins, James B. Edwards, Houston, for appellees.

Panel consists of Chief Justice MURPHY and Justices ANDERSON and HUDSON.

## O P I N I O N

PAUL C. MURPHY, Chief Justice.

This is a medical malpractice case. James Harkins, Individually, and as Legal Representative of the Estate of Marion Harkins, and Katherine Lee Rhodes, daughter of Marion Harkins (Appellants) appeal from the trial court's respective summary judgments granted in favor of Dever Nursing Home and Margaret Saw, M.D. and Sheilagh Harvey (Appellees). Appellants present a single issue on appeal, contending that the trial court erred

because their opposing affidavit was sufficient to defeat Appellees' respective motions for summary judgment. We affirm.

On October 29, 1998, this Court exercised its discretion to require Appellants to amend their brief to comply with the Texas Rules of Appellate Procedure. *See* TEX. R.APP. P. 38.9(a). We ordered re-briefing because Appellants' original brief "failed to provide a clear and concise argument for the contentions made, with appropriate citations to the record." *See* TEX.R.APP. P. 38.1(h). On November 25, 1998, Appellants filed their amended brief. Their amended brief, however, fails to cure the defects found in their original brief. Indeed, we are unable to discern any significant distinction between Appellants' original brief and their amended brief.

Appellants' amended brief manifests an unfamiliarity with the briefing rules set forth in the Texas Rules of Appellate Procedure.[1] *See* TEX.R.APP. P. 38.1–38.9. Following their "issues presented" and "authorities, " Appellants' brief contains a section entitled "statement of facts," which contains no facts of the case and no citations to the record. *See* TEX.R.APP. P. 38.1(f) (statement of facts "must be supported by record references"). The next section in Appellants' brief is entitled "summary of argument." The rule governing the summary of the argument portion of an appellant's brief provides that the brief "must contain a succinct, clear, and accurate *statement* of the *argument made in the body of the brief.*" *See* TEX. R.APP. P. 38.1(g) (emphasis added). However, the body of Appellants' brief contains no argument section for which their "summary of argument" pertains. *See* TEX. R.APP. P. 38.1(h). The absence of an argument section in Appellants' brief violates Rule 38.1(h), which provides that an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *Id.* The "summary of argument" section of Appellants' brief is

---

1. Appellants are represented by licensed counsel.

followed by only a "conclusion and prayer." Finally, Appellants' brief contains not a single citation to the record. It is not the duty of an appellate court to seine the record in order to discover, if possible, error by the trial court; it is the duty of an appellant to distinctly point out the alleged errors and where they can be found in the record. *See Saldana v. Garcia,* 155 Tex. 242, 285 S.W.2d 197, 200–01 (1955).

While we are required to liberally construe briefing rules, substantial compliance with the rules is required. TEX.R.APP. P. 38.9. Appellants' brief does not substantially comply with the rules.[2] Our charity in reviewing briefs that do not comply with the rules cannot be extended to permit a review of the merits of Appellants' contention in this case. If a party files a brief that does not comply with the rules, and that party files an amended brief that likewise does not comply with the rules, as here, "the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief." TEX.R.APP. P. 38.9(a). Where a party fails to file a brief, Rule 38.8 allows the appellate court to dismiss the appeal for want of prosecution or, if an appellee's brief is filed, the court may regard that brief as correctly presenting the case and may affirm the trial court's judgment upon that brief without examining the record. TEX.R.APP. P. 38.8(a); *see also In re Estate of Dilasky,* 972 S.W.2d 763, 766 (Tex.App.-Corpus Christi 1998, no pet.); *Celotex Corp., Inc. v. Gracy Meadow Owners Ass'n, Inc.,* 847 S.W.2d 384, 385 (Tex.App.-Austin 1993, writ denied). Because the respective Appellees filed briefs in this case, we choose the latter option.

The trial court's respective summary judgments are affirmed.