Affirmed and Memorandum Opinion filed April 26, 2007








Affirmed and Memorandum Opinion filed April 26, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01220-CV

____________

 

E.W. ABILL@ BARRICK; d/b/a BARRICK
ENTERPRISES; and d/b/a BARRICK INSURANCE AGENCY, Appellant

 

V.

 

WASHINGTON MUTUAL, Appellee

 



 

On Appeal from the 281st
District Court

Harris County, Texas

Trial Court Cause No. 2004-04722

 



 

M E M O R A N D U M  O P I N I O N

Appellant, E.W. ABill@ Barrick, doing
business as Barrick Enterprises and Barrick Insurance Agency (collectively ABarrick@), sued appellee,
Washington Mutual, when Washington Mutual put a hold on his accounts.  The
trial court granted summary judgment in favor of Washington Mutual.  Barrick
filed this appeal seeking to reverse the grant of summary judgment.  We affirm
because Barrick has waived his issue due to inadequate briefing.  








On May 24, 2006, Barrick attempted to file a brief with
this court.  On May 25, 2006, we returned Barrick=s brief because it
did not comply with Rules 9.4(f) and 38.1 of the Texas Rules of Appellate
Procedure, and ordered him to file a corrected brief 10 days from the date of
the letter.  Tex. R. App. P.
9.4(f) & 38.1.  We granted Barrick two extensions to file his brief until
July 14, 2006, and until August 14, 2006.  

On August 17, 2006, Barrick filed his brief along with
another motion for an extension, which we granted.  We determined that this
brief was also defective and, on August 31, 2006, ordered Barrick to file a
corrected brief because it did not comply with Rule 38.1.  Tex. R. App. P. 38.1.  Specifically,
Barrick=s brief did not
contain (1) a statement of the issues presented for review, (2) a statement of
facts, supported by references to the record, (3) a summary of the argument,
and (4) a clear and concise argument of the contents made, with appropriate
citations to the record.  Tex. R. App.
P. 31.1(e), (f), (g) & (h).  We ordered Barrick to file a corrected brief
on or before October 2, 1996, and stated that failure to do so would result in
dismissal of his appeal for want of prosecution.  Tex. R. App. P. 42.3(b).  

We granted another motion for an extension and ordered that
unless Barrick filed a corrected brief on or before October 26, 2006, we would
dismiss his appeal for want of prosecution.  On October 26, 2006, we ordered
Barrick=s brief filed. 
However, despite the opportunities and time to file a brief in compliance with
the Rules of Appellate Procedure, Barrick has filed a deficient brief.

Under Rule 38.1(f), the brief Amust state
concisely and without argument the facts pertinent to the issues or point
presented. . . . The statement must be supported by record references.@  Tex. R. App. P. 38.1(f).  Barrick=s statement of
facts contains one short (one line) sentence with a reference to the record. 
Although appellant=s one-sentence statement of facts is
concise, it does not set out the pertinent facts.  Moreover, the record
citation for this single sentence references only copies of documents without
explaining the relevance of the evidence.  We can only ascertain the nature of
this case by reading the record.  








With respect to the argument section of the brief under
Rule 38.1(h), the brief Amust contain a clear and concise argument
for the contentions made, with appropriate citations to authorities and to the
record.@  Tex. R. App. P. 38.1(h).  The trial
court granted Washington Mutual=s motion for summary judgment on
unspecified grounds.  From reading Barrick=s argument
section, we cannot discern any cognizable argument regarding how the trial
court erred in granting summary judgment on his causes of action.  It is not
our duty to craft  appellant=s argument on appeal.  

If a party files a brief that does not comply with rules,
the appellate court may order it amended or redrawn.  Tex. R. App. P. 38.9(a).  If another brief that does not
comply with the rules is filed, Athe court may
strike the brief, prohibit the party from filing another, and proceed as if the
party had failed to file a brief.@  Id.  When
the appellant fails to file a brief, Rule 38.8(a) allows the court to dismiss the
appeal for want of prosecution or, if an appellee=s brief is filed,
the court may regard that brief as correctly presenting the case and may affirm
the trial court=s judgment upon that brief without
examining the record.  Tex. R. App.
P. 38.8(a); Harkins v. Dever Nursing Home, 999 S.W.2d 571, 573 (Tex.
App.CHouston [14th
Dist.] 1999, no pet.).  

Because Barrick has not filed a brief in substantial
compliance with the Texas Rules of Appellate Procedure, we regard the appellee=s brief as
correctly presenting the case.  Barrick=s sole issue is
overruled.  

Accordingly, the judgment of the trial court is affirmed.  

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

Judgment rendered
and Memorandum Opinion filed April 26, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.