ACCEPTED
14-14-0838-cv
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
11/4/2015 10:22:29 AM
CHRISTOPHER PRINE
CLERK

# No. 14-14-0838-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
11/4/2015 10:22:29 AM
CHRISTOPHER A. PRINE
Clerk

FINSERV CASUALTY CORP., CAPSTONE ASSOCIATED SERVICES, LTD. LIQUIDATING MARKETING, LTD., RSL-3B-IL, LTD., & RSL-5B-IL, LTD. RSL FUNDING, LLC, AND RSL SPECIAL-IV, LTD.

v.

TRANSAMERICA LIFE INSURANCE COMPANY AND
TRANSAMERICA ANNUITY SERVICES CORPORATION

ON APPEAL FROM THE 165TH DISTRICT COURT
IN HARRIS COUNTY, TEXAS, CAUSE NO. 2011-05238

## APPELLANTS' OPPOSITION TO APPELLEES' MOTION TO RECONSIDER ORDER ACCEPTING AMENDED BRIEF AND REPLY IN SUPPORT OF MOTION TO POSTPONE SUBMISSION DATE

MAY IT PLEASE THE COURT:

The Court should deny the motion to reconsider filed by Transamerica Life Insurance Company and Transamerica Annuity Service Corporation (the "Transamerica Parties"), which seeks to undo the order accepting the appellants' amended brief. In their own brief, the Transamerica Parties asked the Court to "dismiss this appeal for failing to provide record references," Brief of Appellees at 62, thereby triggering Rule 44.3 and the holding from *Inpetco*. *See* TEX. R. APP. P. 44.3; *Inpetco, Inc. v. Tex. Am. Bank*, 729 S.W.2d 300, 300 (Tex. 1987) (per curiam). A distinct set of rules set the boundaries of this Court's discretion.

Rather than single out an issue or two to argue for waiver, the Transamerica Parties attacked the appeal in its entirety in advocating for "dismissal." Brief of Appellees at 61-62. The amended motion for leave to amend brief filed by FinServ Casualty Corp., Capstone Associated Services, Ltd., Liquidating Marketing, Ltd., RSL-3B-IL, Ltd., RSL-5B-IL, Ltd., RSL Funding, LLC, and RSL Special-IV, Ltd. (the "Appellants") seized on this critical distinction in Texas case law in seeking relief. *See Elder v. Bro*, 809 S.W.2d 799, 802 (Tex. App. – Houston [14th Dist] 1991, writ denied). The Court therefore applied the proper legal principles and analysis in granting the Appellants leave to amend their brief. *See id.*

**THE SPECTER OF PREJUDICE PROVES TO BE ETHEREAL**

**A.    The Transamerica Parties Fail To Establish Any Prejudice**

The Transamerica Parties initially claim they had to "prepare their brief without Appellants' record citations." Motion at 2. While true, the Appellants warned the Transamerica Parties from the outset that this eventuality may occur. *See* Original Brief of Appellants at 57 n.1. The Transamerica Parties filed their brief anyway, without asking for an extension of time that dated from the point at which the Appellants filed the amended brief with record cites.

Nor do the Transamerica Parties explain how the absence of record cites actually prejudiced their rights on appeal or affected the manner in which they prepared their brief. As a practical matter, the Transamerica Parties must read the

2

complete record anyway to draft their brief. The brief they filed, which contains detailed facts, discloses that the Transamerica Parties did read the record and cited to it extensively.

If the Transamerica Parties disagreed with or contested any factual statements made by the Appellants, Texas law offers several forms of protection. First, the Transamerica Parties could submit their own statement of facts if they were simply "dissatisfied" with the one presented by the Appellants. *See* TEX. R. APP. P. 38.2(a)(1)(B). As their lengthy brief reveals, the Transamerica Parties did just that, also restating the issues on appeal to their liking. Brief of Appellees at xi n.1 (citing TEX. R. APP. P. 38.2(a)(1)(B)).

Second, the Transamerica Parties could "contradict" any fact stated by the brief of Appellants to preclude the Court from accepting that fact as true. *See* TEX. R. APP. P. 38.1(g). The brief of appellees relies on its own factual recitations. In detailing the facts, the Transamerica Parties took advantage of protections that inure to any appellee's benefit. By looking after themselves and invoking the applicable procedural rules, the Transamerica Parties suffered no prejudice.

Third, the Transamerica Parties could have moved for an extension of time to file their brief conditioned on the date whereby the Appellants added record cites to theirs. *See* TEX. R. APP. P. 10.5(b). The Appellants would not have opposed such relief. Or the Transamerica Parties could have sought leave to

amend their brief after the Appellants filed the brief with the record cites. *See* TEX. R. APP. P. 38.7. Yet the Transamerica Parties took no such action, sitting on their rights instead.

**B.     The Facts In The Appellants' Brief Remain Unchallenged**

By arguing they were unable to "check [the cites in the brief of Appellants] for accuracy," Motion at 3, the Transamerica Parties attempt to shift their burden on appeal to the Appellants. Rule 38.2(a)(1)(B) excuses the Transamerica Parties from including a statement of facts in their brief "unless the appellee is dissatisfied with that portion of the appellants' brief." Despite "restating" the issues on appeal, the Transamerica Parties never expressed their "dissatisfaction" with the statement of facts provided by the Appellants' original brief. *See* Brief of Appellees at xi n.1. Nor have the Transamerica Parties expressed their "dissatisfaction" with the facts or the record cites that appear in amended brief.

**C.     Record Citations Aid The Court And Not The Appellees**

The Appellants sought leave to amend their brief before the submission date, giving the Court all of the appropriate record cites it will need to decide the case. *See* TEX. R. APP. P. 38.1(g), (i). The Court will carry out its function as the ultimate fact checker based on the record cites provided by the amended brief. While no duty requires the Court "to make an independent search of the statement of facts" to determine if harmful error exists, that benefit inures to the Court itself.

4

*Saldana v. Garcia*, 285 S.W.2d 197, 201 (Tex. 1955). Such a protection does not extend to the Transamerica Parties, which can find their own remedies in Rules 38.1(g), 38.2(a)(1)(B), 10.5(b), and elsewhere.

The Supreme Court of Texas marks "the rendition of judgment" as the operative time for amending the brief of appellant to add record cites the original brief omits. *See Saldana*, 285 S.W.2d at 201. "The petitioner was timely apprised of defects in his original brief, and was given an opportunity *before the rendition of the judgment to present a statement from the record supporting his right of recovery* on the theory advanced by his pleadings. Petitioner failed to take advantage of this opportunity." *Id.* (emphasis added). Unlike the petitioner in *Saldana*, the Appellants did take advantage of their opportunity to rebrief before the Court renders judgment.

**THE COURT PROPERLY GRANTED THE APPELLANTS LEAVE TO AMEND**

**A.     The *Inpetco* Standard Applies To Allow Rebriefing**

In trying to distinguish *Inpetco*, the Transamerica Parties misapprehend the case law on which they rely. The Transamerica Parties asked the Court to "dismiss" the entire appeal because the Appellants omitted record cites in the opening brief. Brief of Appellees at 61-62. In a section heading, the Transamerica Parties alternatively argued that the Appellants "waived" not some, but "all" of their grounds for reversal by failing to cite to the record. *Id.* at 61. Under these

circumstances, which unquestionably exist here, Rule 44.3 and *Inpetco* apply, not the other cases cited by the Transamerica Parties.

This Court's own precedent verifies that *Inpetco* governs the Appellants' right to amend where the Transamerica Parties sought an outright dismissal of the appeal. In quoting from *Elder*, the Transamerica Parties skipped this critical part:

> An appeal may be disposed of *partially* on defects or irregularities in the appellate briefs. *See Davis,* 752 S.W.2d at 522; *King,* 762 S.W.2d at 299. Overruling some points of error due to procedural defects, while reaching others on the merits was held to be consistent with the *Inpetco* decision in *Henry S. Miller Management v. Houston State,* 792 S.W.2d 128, 134 (Tex. App. – Houston [1st District] 1990, writ den). *Such is not the same as affirming a judgment because of procedural defects in the appellant's brief.* A party may still obtain complete or partial relief on other points not waived by those procedural defects. *Id.; see, e.g., Texaco, Inc. v. Pennzoil, Co.,* 729 S.W.2d 768, 810, 815, 866 (Tex. App. – Houston [1st District] 1987, writ ref'd n.r.e.).

*Elder*, 809 S.W.2d at 802 (emphasis added).

The court in *Henry S. Miller Management Corp.* articulated the acid test used by this Court in *Elder* and other cases:

> The supreme court concluded that the court of appeals erred in affirming the judgment because of Inpetco's briefing defects without first allowing it to rebrief. We note that rule 74 [now Rule 44.3] speaks of affirming judgments, which requires that all points of error be overruled, as happened in *Inpetco.* It does not speak of overruling some points of error due to procedural defects, while reaching others on the merits and affirming, reversing, or dismissing, as those other points require.
>
> This case differs from *Inpetco.* There, the summary *judgment* was *affirmed* due to briefing defects because *every* point of error

6

(albeit a single one) was deemed waived. Here, we have reviewed 10 points of error on the merits. Thus, we have not affirmed the judgment because of briefing defects, but because appellant has not shown reversible error in any point of error, including the 10 points of error that we reviewed on the merits. Overruling some, but not all, points of error because of procedural defects is not the same as affirming a judgment due to procedural defects. The difference is that the appellant may still get complete or partial relief on other points not waived by procedural defects.

*We hold that rule 83 does not require a court to grant time to amend defective points of error, unless, as in* Inpetco, *all the points are defective and overruling them on that basis would constitute an affirmance for defects in appellate procedure.* We think this interpretation is consistent with the following authorities: *Davis v. City of San Antonio,* 752 S.W.2d 518, 521–22 (Tex. 1988); *Trenholm v. Ratcliff,* 646 S.W.2d 927, 934 (Tex. 1983); *King v. Graham Holding Co.,* 762 S.W.2d 296, 298–99 (Tex. App. – Houston [14th Dist.] 1988, no writ); *Arrechea v. Arrechea,* 609 S.W.2d 852, 855 (Tex. Civ. App. – Houston [14th Dist.] 1980, writ ref'd n.r.e.) (cited with approval in *Trenholm* ).

*Henry S. Miller Mgmt. Corp.*, 792 S.W.2d at 134-35 (emphasis added).

The original brief of Appellants contained no record cites to support any of the issues or legal arguments raised by the Appellants. Because this procedural defect would conceivably entitle the Court to affirm the trial court's judgment *en toto* on a waiver theory or to dismiss the entire appeal, *Inpetco* and Rule 44.3 apply. Indeed, the Transamerica Parties asked for that very relief in their brief, triggering the legal principle fixed by *Inpetco* and Rule 44.3. The Court accordingly applied the correct legal standard in granting the Appellants leave to rebrief.

**B.      No Flagrant Rule Violation Occurred**

The Transamerica Parties erroneously suggest the Appellants conceded in their amended motion for leave to add record cites that their opening brief evidences a "flagrant violation of the briefing rules." Motion at 3. The Appellants admitted no such thing. Their opening brief disclosed the absence of record cites, and that brief and the amended motion for leave gave a reasonable explanation for same. Nor did the Appellants disobey an order to rebrief, but kept their promise to add record citations when the Court received a complete clerk's record.

Using the subjunctive tense, the Appellants pointed out that even when the Court concludes that a "flagrant violation" has occurred in the general sense, Rule 38.9 entitles *any party to an appeal* to correct such procedural defects by rebriefing. *See* TEX. R. APP. P. 38.9. In any event, the Appellants corrected their brief on their own by adding record citations without any need for the Court to order rebriefing.

The Transamerica Parties fail to contrast what real-life briefing deficiencies qualify as "flagrant violations" of the briefing rules. *See* Motion at 3. Unlike this case, Texas courts require far more that what happened here before a flagrant violation will arise. Even then, the opportunity to rebrief or amend can cure the flagrant violation. *See In re M.R.*, No. 04-08-00624-CV, 2009 WL 1019041, at \*1 (Tex. App. – San Antonio Apr. 15, 2009, no pet.) (allowing an amended brief after

finding flagrant violations that resulted from the failure to: "1) identify the parties and counsel; (2) include a table of contents; (3) include an index of authorities; (4) include a brief statement of the issues presented; (5) include record references in the statement of facts; (6) include a summary of the argument; (7) include a conclusion stating the nature of the relief sought; or (8) include an appendix.").

This Court likewise requires an extreme example to qualify as a flagrant violation. *See Harkins v. Dever Nursing Home*, 999 S.W.2d 571, 572-73 (Tex. App. – Houston [14th Dist.] 1999, no pet.). In *Harkins*, the Court allowed the appellants to amend after finding flagrant violations where the original brief "failed to provide a clear and concise argument for the contentions made, with appropriate citations to the record." *Id.* at 572. The "amended brief, however, fail[ed] to cure the defects found in their original brief." *Id.*

This Court could "discern [no] significant distinction between Appellants' original brief and their amended brief" in *Harkins*. Unlike this case, the "statement of facts . . . contains no facts of the case and no citations to the record," "the body of Appellants' brief contains no argument section," which means that the summary of the argument could sum up nothing, and "Appellants' brief contains not a single citation to the record." *Id.* at 572-73. In stark contrast to the original brief in this appeal, only a "conclusion and prayer" followed the "summary of argument" in the brief under review in *Harkins*. *Id.*

9

## THE TRANSAMERICA PARTIES ACT TO PUSH BACK THE SUBMISSION DATE

Knowing the submission date, which the Court set by letter dated August 28, 2015, the Transamerica Parties sought a second extension of time to file their brief. On September 16, 2015, the Transamerica Parties filed their second motion for extension, which the Court granted on September 24, 2015. This two-week extension made the brief of appellees due on October 9, 2015. This timing means that the submission date of October 27, 2015 would come and go before the deadline for filing the reply brief even arrived. *See* TEX. R. APP. P. 38.6(c), 39.8(b).

The Appellants are asking the Court to move back the deadline for filing their reply brief by 20 days, not by 30 days as stated by the Transamerica Parties. *See* Motion at 1-2. October 29, 2015, marked the due date for the reply brief as measured by the filing of the brief of appellees, so the new deadline would run on November 18, 2015. The Court should re-set the submission date to November 26, 2015, or by 30 days, to accommodate this extension. To rearrange these deadlines seems only fair after the Transamerica Parties obtained an extension that derailed the conventional order for submitting an appeal for decision. This outcome would promote this state's public policy that calls for deciding appeals on the merits. *See Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004).

## CONCLUSION AND PRAYER FOR RELIEF

The Court should deny the motion to reconsider filed by the Transamerica Parties, overrule their opposition to the Appellants' motion to postpone the submission date, and overrule their opposition to the Appellants' motion to extend time to file the reply brief.  Thus, the Appellants pray the Court will grant them all of the relief they are currently seeking.

Respectfully submitted,

 /s/  *E. John Gorman*
E. John Gorman
State Bar No. 08217560
jgorman@feldlaw.com
THE FELDMAN LAW FIRM LLP
Two Post Oak Central
1980 Post Oak Blvd., Suite 1900
Houston, TX  77056-3877
(713) 850-0700
(713) 850-8530 (fax)


Michael Choyke
State Bar No. 00793504
WRIGHT & CLOSE, LLP
One Riverway, Suite 2200
Houston, Texas  77056
(713) 572-4321
(713) 572-4320 (fax)
choyke@wrightclose.com

**COUNSEL FOR APPELLANTS**

11

## CERTIFICATE OF SERVICE

I certify delivering a true and correct copy of this response to the motion to reconsider to all counsel of record on November 4, 2015, in compliance with Texas Rule of Appellate Procedure 9.5:

David L. Pybus
PREIS, PLC
24 Greenway Plaza, Suite 2050
Houston, TX 77046


 */s/ E. John Gorman*
E. John Gorman