

**NUMBER 13-16-00200-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GARY OBLETON,                                                                 **Appellant,**

**v.**

CYNTHIA GUZMAN,                                                              **Appellee.**

### On appeal from the 36th District Court
### of Bee County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion Per Curiam**

Appellant, Gary Obleton, attempts to appeal a judgment of dismissal rendered against him in Chapter 14 litigation. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014 (West, Westlaw through 2015 R.S.). Proceeding pro se, appellant provided this Court with his brief in this cause on July 27, 2016 and a supplemental brief on August

3, 2016. By letter issued on August 30, 2016, the Clerk of the Court informed appellant that his brief failed to comply with Texas Rules of Appellate Procedure 38.1 and 9.5. *See* TEX. R. APP. P. 9.5, 38.1. We directed appellant to forward an amended brief to this Court within ten days from the date of this letter. Appellant did not respond to this directive. On September 15, 2016, this Court again notified appellant that his brief was not in compliance with Texas Rules of Appellate Procedure 38.1 and 9.5 and advised appellant that the appeal would be dismissed if the defects were not cured within ten days from receipt of this Court's notice. Appellant has not subsequently filed an amended brief, but has instead filed several motions requesting the appointment of counsel.

We are to construe the Texas Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Verburgt v. Dorner*, 959 S.W.2d 615, 616–617 (Tex. 1997). The appellate rules expressly require us to construe briefing rules liberally. *See* TEX. R. APP. P. 38.9. In accordance with this directive, we construe appellate briefs reasonably so as to preserve the right to appellate review. *El Paso Nat. Gas v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 316 (Tex. 1999). Nevertheless, litigants are required to substantially comply with the appellate rules. *See* TEX. R. APP. P. 38.9; *Harkins v. Dever Nursing Home*, 999 S.W.2d 571, 573 (Tex. App.—Houston [14th Dist.], 1999, no pet.).

Pro se litigants are held to the same standards as licensed attorneys, and they must therefore comply with all applicable rules of procedure. *Mansfield State Bank v.*

*Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). A pro se litigant is required to properly present his case to both the trial and appellate courts. *Valadez*, 238 S.W.3d at 845. Otherwise, pro se litigants would benefit from an unfair advantage over those parties who are represented by counsel. *See id.* Therefore, we do not make allowances or apply different standards when a case is presented by a litigant acting without the advice of counsel. *See id.*

The Texas Rules of Appellate Procedure control the required contents and organization for an appellant's brief. *See* TEX. R. APP. P. 38.1. An appellate brief is "meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case . . . ." *Id.* R. 38.9. Therefore, an appellant's brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *Id.* R. 38.1(i). This requirement is not satisfied by merely uttering brief conclusory statements unsupported by legal citations. *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.). A brief must explain how the law that is cited is applicable to the facts of the case. *Hernandez v. Hernandez*, 318 S.W.3d 464, 466 (Tex. App.—El Paso 2010, no pet.); *San Saba Energy, L.P. v. Cra*wford, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied); *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.—Houston [14th Dist.] 2002, no pet.). It is the appellant's burden to discuss his assertions of error, and "we have no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Hernandez*, 318 S.W.3d at 466; *see 2218 Bryan*

*Street, Ltd. v. City of Dallas*, 175 S.W.3d 58, (Tex. App.—Dallas 2005, pet. denied). When an appellant's brief fails to contain a clear and concise argument for the contentions made with appropriate citations to authorities, the appellate court is not responsible for doing the legal research that might support a party's contentions. *Bolling v. Farmers Branch Indep. School Dis*t., 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). If we were to do so, we would be abandoning our role as judges and assuming the role of advocate for that party. Id.

If the appellate court determines that the briefing rules have been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. TEX. R. APP. P. 38.9(a); *see id.* R. 44.3 ("A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities."). A reasonable time is given to an appellant when he is provided with an opportunity to amend his brief. *See Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). If the appellant files another brief that does not comply with the rules of appellate procedure, the appellate court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief. TEX. R. APP. P. 38.9(a). Pursuant to Texas Rule of Appellate Procedure 38.8(a), where an appellant has failed to file a brief, the appellate court may dismiss the appeal for want of prosecution. *Id.* R. 38.8(a).

In the instant case, appellant filed a brief that did not meet the requirements of the appellate rules in form or in substance. The Clerk of this Court notified appellant and

4

gave him a reasonable time to amend his brief. We strike appellant's non-conforming brief, prohibit appellant from filing another, and proceed as if appellant had failed to file a brief. *See id.* R. 38.9(a). We order the appeal DISMISSED FOR WANT OF PROSECUTION. *See id.* R. 38.8(a), 38.9(a), 42.3(b)(c); *Johnson v. Dallas Hous. Auth.*, 179 S.W.3d 770, 770 (Tex. App.—Dallas 2005, no pet.). Appellee's motion for the appointment of counsel is DENIED.

PER CURIAM

Delivered and filed the
1st day of December, 2016.