**Dismissed and Memorandum Opinion filed July 20, 2017.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-17-00041-CV

---

### LEDARRE V. ZIEGLER, Appellant

### V.

### REGIONS BANK DBA REGIONS MORTGAGE, Appellee

---

**On Appeal from County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1066882**

---

## M E M O R A N D U M   O P I N I O N

Appellant LeDarre V. Ziegler has two appeals pending in this court, both against Regions Bank d/b/a Regions Mortgage. The first appeal is No. 14-16-01000-CV ("First Appeal"). The second appeal is the instant appeal, No. 14-17-00041-CV ("Second Appeal").

On April 10, 2017, appellant tendered a brief in the Second Appeal that did not comply with Texas Rule of Appellate Procedure 38.1. The two-page brief contained a statement of facts but did not include the other items required by Rule

38.1. *See* Tex. R. App. P. 38.1(a), (b), (c), (e), (f), (g), (h), (i), and (k). The court struck the brief and ordered appellant to file a brief that complies with Rule 38.1. *See* Tex. R. App. P. 38.9(a) (permitting court to strike brief that "flagrantly violate[s]" Rule 38.1 and require brief to be redrawn).

On May 30, 2017, appellant tendered his original brief in the First Appeal. It contained nearly 200 numbered paragraphs, some of which consisted only of a legal citation with no explanation. In the brief appellant failed to make any legal arguments to support reversal of the judgment or cite to the record. The court struck the brief in the First Appeal and ordered it to be redrawn.

Also on May 30, 2017, appellant tendered his redrawn brief in the Second Appeal.[1] The redrawn brief is substantively identical to the original brief tendered—and stricken—in the First Appeal.

On June 19, 2017, appellant tendered his redrawn brief in the First Appeal. The June 19 brief was virtually identical to the May 30 briefs but contained two additional pages. It still did not comply with Rule 38.1.

The court dismissed the First Appeal for want of prosecution on July 13, 2017. *See* Tex. R. App. P. 38.9 (if a second non-compliant brief is filed, "the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief."); Tex. R. App. P. 38.8(a)(1) (allowing dismissal for want of prosecution if appellant in civil case fails to file a brief unless appellant reasonably explains the failure and appellee is not significantly injured by appellant's failure to file a brief).

We now dismiss the Second Appeal for want of prosecution because appellant's redrawn brief—which is substantively identical to the brief we struck in

---

[1] Regions Bank has filed an appellee's brief in the Second Appeal.

the First Appeal—does not comply with Rule 38.1. Although we liberally construe briefs, appellant has not substantially complied with the briefing rules. *See Harkins v. Dever Nursing Home*, 999 S.W.2d 571, 573 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Under these circumstances, dismissal is warranted.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Jamison and Busby.