

NUMBER 13-18-00177-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**CARLTON E. CORBIN,** **Appellant,**

**v.**

**HOWARD M. REINER,** **Appellee.**

---

### On appeal from the County Court at Law No. 2 of Montgomery County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Longoria
### Memorandum Opinion by Justice Benavides

Appellant Carlton Eugene Corbin, proceeding pro se, filed a notice of appeal from a final judgment entered in favor of appellee, Howard M. Reiner, successor dependent administrator of the estate of Chlora F. Corbin, deceased.[1]  Because appellant has failed

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001

to file a brief that complies with the appellate rules, we dismiss this appeal for want of prosecution.

## I. BACKGROUND

Appellant filed a pro se brief in this cause on July 20, 2018. On July 25, 2018, the Clerk of this Court notified appellant that his brief failed to comply with Texas Rules of Appellate Procedure 9.4(g),(h),(i)(3), 9.5(e), and 38.1. *See* TEX. R. APP. P. 9.4(g),(h),(i)(3); *id.* R. 9.5(e); *id.* R. 38.1. The brief failed to contain any of the headings and sections required by Rule 38.1; did not contain an identity of parties and counsel as required by Rule 38.1(a); did not contain a table of contents as required by Rule 38.1(b); did not contain an index of authorities as required by Rule 38.1(c); did not contain a statement of the case as required by Rule 38.1(d); did not contain the issues presented as required by Rule 38.1(f); did not contain a statement of facts supported by record references as required by Rule 38.1(g); did not contain a summary of the argument as required by Rule 38.1(h); did not contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record as required by Rule 38.1(i); and did not contain a prayer as required by Rule 38.1(j). Furthermore, the brief failed to comply with Rule 9.4(g),(h),(i)(3), because the brief did not contain a cover page or a certificate of compliance, the appendix was not in compliance with the appellate rules, and the certificate of service was not in compliance with Rule 9.5(e). Appellant was directed to file an amended brief within ten days.

---

(West, Westlaw through 2017 1st C. S.).

On July 30, 2018, appellant filed a motion for extension of time to file an amended brief until September 4, 2018. The Court granted the motion for extension of time.

On September 4, 2018, appellant filed a second motion for extension of time requesting until February 21, 2019 to file an amended brief. This Court granted in part and denied in part appellant's second motion for extension of time to file an amended brief and directed appellant to file an amended brief on or before October 4, 2018.

On September 25, 2018, appellant filed a third motion for extension of time requesting an extension until February 21, 2019 to file an amended brief.

By order rendered on October 12, 2018, this Court struck appellant's brief on grounds that the brief contained numerous formal defects and the case had not been properly presented. *See* TEX. R. APP. P. 38.9. We granted in part and denied in part appellant's third motion for extension of time to file an amended brief and ordered appellant to file an amended brief that complied with the above rules within fifteen days from the date of that order. We warned appellant that if he filed an amended brief that failed to comply with that order and the Texas Rules of Appellate Procedure, the Court could strike the brief, prohibit appellant from filing another, and proceed as if appellant had failed to file a brief. *See id.* R. 38.9(a). We informed the appellant that under such circumstances, the Court could dismiss the appeal for want of prosecution and appellant's failure to comply with this Court's directive and the appellate rules. *See id.* R. 38.8(a)(1), 42.3(b), (c).

3

On October 25, 2018, appellant filed an amended brief. The amended brief fails to comply with the Texas Rules of Appellate Procedure. Specifically, the amended brief does not contain an identity of parties and counsel as required by Rule 38.1(a); does not contain a table of contents as required by Rule 38.1(b); does not contain an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited as required by Rule 38.1(c); does not contain a statement of the case as required by Rule 38.1(d); and the statement of facts is not supported by record references as required by Rule 38.1(g). Furthermore, the brief fails to comply with Rule 9.4 (h) and (i)(3) because the appendix does not contain bookmarks and the brief does not contain a certificate of compliance. Fundamentally, the amended brief contains only two citations to authority, fails to include any record references, and fails to contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the record. *See id.* R. 38.1(i). Stated otherwise, the brief does not explain how the authorities that are cited are applicable to the facts of the case.

## II. APPLICABLE LAW

We are to construe the Texas Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Verburgt v. Dorner*, 959 S.W.2d 615, 616–617 (Tex. 1997). The rules expressly require us to construe briefing rules liberally. *See* TEX. R. APP. P. 38.9. Accordingly, appellate briefs are to be construed reasonably so as to preserve the right to appellate review. *El Paso Nat. Gas v. Minco Oil & Gas, Inc.*, 8

4

S.W.3d 309, 316 (Tex. 1999). Nevertheless, litigants are required to substantially comply with the appellate rules. *See* TEX. R. APP. P. 38.9; *Harkins v. Dever Nursing Home*, 999 S.W.2d 571, 573 (Tex. App.—Houston [14th Dist.], 1999, no pet.).

Pro se litigants are held to the same standards as licensed attorneys, and they must therefore comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). A pro se litigant is required to properly present his case to both the trial and appellate courts. *Valadez*, 238 S.W.3d at 845. Otherwise, pro se litigants would benefit from an unfair advantage over those parties who are represented by counsel. *See id.* Therefore, we do not make allowances or apply different standards when a case is presented by a litigant acting without the advice of counsel. *See id.*

The Texas Rules of Appellate Procedure control the required contents and organization for an appellant's brief. *See* TEX. R. APP. P. 38.1. An appellate brief is "meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case . . . ." *Id*. R. 38.9. Therefore, an appellant's brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *Id.* R. 38.1(i). This requirement is not satisfied by merely uttering brief conclusory statements unsupported by legal citations. *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.). A brief must explain how the law that is cited is applicable to the facts of the case. *Hernandez v. Hernandez*, 318 S.W.3d 464, 466 (Tex. App.—El Paso 2010); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Plummer*

5

*v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied); *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.—Houston [14th Dist.] 2002, no pet.). It is the appellant's burden to discuss his assertions of error, and "we have no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Hernandez*, 318 S.W.3d at 466; *see 2218 Bryan Street, Ltd. v. City of Dallas*, 175 S.W.3d 58, (Tex. App.—Dallas 2005, pet. denied). When an appellant's brief fails to contain a clear and concise argument for the contentions made with appropriate citations to authorities, the appellate court is not responsible for doing the legal research that might support a party's contentions. *Bolling v. Farmers Branch Indep. School Dis*t., 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). If we were to do so, we would be abandoning our role as judges and assuming the role of advocate for that party. Id.

If the appellate court determines that the briefing rules have been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. TEX. R. APP. P. 38.9(a); *see id.* R. 44.3 ("A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities."). A reasonable time is given to an appellant when he is provided with an opportunity to amend his brief. *See Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). If the appellant files another brief that does not comply with the rules of appellate procedure, the appellate court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief. TEX. R. APP. P. 38.9(a).

Pursuant to Texas Rule of Appellate Procedure 38.8(a), where an appellant has failed to file a brief, the appellate court may dismiss the appeal for want of prosecution. *Id.* R. 38.8(a).

## III. ANALYSIS

In the instant case, appellant filed a brief that did not meet the requirements of the appellate rules. The Clerk of this Court notified appellant and gave him a reasonable time to amend his brief. The amended brief provided by appellant also fails to meet the requirements of the appellate rules. Specifically, appellant's redrawn brief fails to comply with Rule 38.1, which requires that appellate briefs contain "argument for the contentions made, with appropriate citations to authorities and to the record." *See id.* 38.1(h). The brief provided by appellant fails to include any record citations. While the brief contains two citations to authority, appellant fails to utilize those authorities in support of the contentions made.

## IV. CONCLUSION

We strike appellant's non-conforming brief, prohibit appellant from filing another, and proceed as if appellant had failed to file a brief. *See id.* 38.9(a). We order the appeal dismissed for want of prosecution. *See id.* 38.8(a), 38.9(a), 42.3(b)(c); *Johnson v. Dallas Hous. Auth.*, 179 S.W.3d 770, 770 (Tex. App.—Dallas 2005, no pet.).

GINA M. BENAVIDES,
Justice

Delivered and filed the
7th day of February, 2019.

7