**Dismissed and Memorandum Opinion filed March 14, 2019.**



In The

# Fourteenth Court of Appeals

_____

**NO. 14-18-00150-CV**
_____

**GLENN JOHNSON, Appellant**

**V.**

**WILLIAM VILLATORO, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1105737**

---

## MEMORANDUM OPINION

We struck appellant's brief, informing him that the brief failed to comply with Rule 38.1 of the Texas Rules of Appellate Procedure because the Statement of Facts was not supported by record references and the brief did not contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the record. *See* Tex. R. App. P. 38.1(g), (i); Tex. R. App. P. 38.9. We ordered appellant to file a brief complying with Rule 38.1 by January 29, 2019. We informed appellant that if he filed another noncompliant brief, the appeal could

be dismissed for want of prosecution. *See* Tex. R. App. P. 38.8(a)(1); Tex. R. App. P. 38.9(a); *Harkins v. Dever Nursing Home*, 999 S.W.2d 571, 572–73 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (reasoning that the court could dismiss the appeal or affirm the trial court's judgment without examining the record pursuant to Rule 38.8 since the appellant's amended brief did not contain a single citation to the record; choosing to affirm without examining the record); *see also, e.g.*, *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (reaffirming that "error may be waived by inadequate briefing"); *Rendleman v. Clarke*, 909 S.W.2d 56, 59 (Tex. App.—Houston [14th Dist.] 1995, writ dism'd) (error waived when appellant had ample notice of briefing defects and opportunity to rebrief).

Appellant filed another brief that does not contain any record references or a clear and concise argument for the contentions made with appropriate citations to authorities and to the record.

Pro se litigants like appellant are held to the same standards as licensed attorneys, and they must comply with all applicable rules of procedure. *See, e.g.*, *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Reule v. M & T Mortg.*, 483 S.W.3d 600, 608 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). Although we liberally construe briefs, appellant has not substantially complied with the briefing rules. *See Harkins*, 999 S.W.2d at 572–73.

Because appellant has not filed a brief in compliance with Rule 38.1, we proceed as if appellant has failed to file a brief. *See* Tex. R. App. 38.9; *Harkins*, 999 S.W.2d at 572–73. We dismiss the appeal for want of prosecution. *See* Tex. R. App. 38.8(a)(1); *Harkins*, 999 S.W.2d at 573.

PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Spain.