**Opinion issued December 2, 2021**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-21-00498-CV**

———————————

**TRENTON GARRETT, Appellant**

**V.**

**TEXAS 18TH U.S. DISTRICT REPRESENTATIVE SHEILA JACKSON LEE, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1173525**

---

**MEMORANDUM OPINION**

Appellant, Trenton Garrett, proceeding pro se, challenges the trial court's

order granting the plea to the jurisdiction and motion to dismiss of appellee, Texas

18th United States District Representative Sheila Jackson Lee, in Garrett's suit

against Lee for "[n]eglect of [her] [b]asic obligations as a public officer" in violation "of the Freedom of Information Act."

We dismiss the appeal.

On September 23, 2021, Garrett submitted his appellant's brief to this Court before the appellate record was complete. *See* Tex. R. App. P. 34.1 (appellate record consists of clerk's record and, if necessary to appeal, reporter's record), 38.6(a) (appellant must file brief within thirty days after later of date clerk's record or reporter's record filed). On September 28, 2021, we notified Garrett that his appellant's brief did not comply with Texas Rule of Appellate Procedure 38.1, struck Garrett's September 23, 2021 appellant's brief, and instructed Garrett to file a corrected appellant's brief that complied with rule 38.1 within thirty days of the date the appellate record was completed. *See* Tex. R. App. P. 34.1, 38.1, 38.6(a).

The appellate record was completed on November 4, 2021. *See* Tex. R. App. P. 34.1. On November 5, 2021, Garrett filed an appellant's brief with this Court. On November 9, 2021, Garrett filed an amended appellant's brief, and on November 12, 2021, appellant filed two additional documents which we construed as supplements to his previously filed appellant's briefs.

On November 16, 2021, we notified Garrett that his November 5, 2021 and November 9, 2021 briefs and his November 12, 2021 supplements to his appellant's briefs failed to comply with Texas Rule of Appellate Procedure 38.1 because they

did not "state concisely the nature of the case," "the course of proceedings, and the trial court's disposition of the case," "supported by record refences"; "state concisely all issues or points presented for review"; "state concisely and without argument the facts pertinent to the issues or points presented," "supported by record references"; "contain a succinct, clear, and accurate statement of the arguments made in the body of the brief"; "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"; and "contain a short conclusion that clearly state[d] the nature of the relief sought."  (Internal quotations omitted.)  *See* TEX. R. APP. P. 38.1(d), (f), (g), (h), (i), (j); *see also Petty v. Petty*, No. 13-14-00051-CV, 2014 WL 5500459, at *1–2 (Tex. App.—Corpus Christi–Edinburg Oct. 30, 2014, pet. denied) (mem. op.) (brief fails to comply with Texas Rule of Appellate Procedure 38.1 where it presents "no cognizable or discernable issues" and contains "no coherent argument supported by appropriate citations"). We struck Garrett's November 5, 2021 appellant's brief, his November 9, 2021 amended appellant's brief, and the two supplements to his appellant's briefs filed on November 12, 2021.  We ordered Garrett to file a corrected appellant's brief that complied with Texas Rule of Appellate Procedure 38.1 within thirty days of the date of our order and informed Garrett that if he did not file a corrected appellant's brief that complied with rule 38.1, we would strike his corrected brief, prohibit Garrett from filing another, proceed as if Garrett had failed to file a brief, and dismiss his

appeal. *See* TEX. R. APP. P. 38.1, 38.8(a)(1), 38.9(a), 42.3(b), 43.2(f); *see also Tucker v. Fort Worth & W. R.R. Co.*, No. 02-19-00221-CV, 2020 WL 3969586, at *1 (Tex. App.—Fort Worth June 18, 2020, pet. denied) (mem. op.) (striking amended brief and dismissing appeal for want of prosecution where appellant ordered to file amended brief but amended brief still did not comply with Texas Rules of Appellate Procedure); *Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at *1–2 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.) (same); *Petty*, 2014 WL 5500459, at *1–2 (striking appellant's amended brief and dismissing appeal because of failure to comply with Texas Rule of Appellate Procedure 38.1). On November 16, 2021, Garrett filed his corrected appellant's brief.

"An appellate brief is meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case." *Schied v. Merritt*, No. 01-15-00466-CV, 2016 WL 3751619, at *2 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.) (internal quotations omitted); *see also Tyurin*, 2017 WL 4682191, at *1. The Texas Rules of Appellate Procedure control the required contents and organization of an appellant's brief. *Schied*, 2016 WL 3751619, at *2; *see* TEX. R. APP. P. 38.1. They contain "specific requirements for briefing that require, among other things, that an appellant provide a statement of facts, which includes references to the record, and an argument that is clear and

4

concise with appropriate citations to authorities and the record." *Tyurin*, 2017 WL 4682191, at *1 (internal quotations omitted); *Lemons v. Garmond*, No. 01-15-00570-CV, 2016 WL 4701443, at *1 (Tex. App.—Houston [1st Dist.] Sept. 8, 2016, pet. denied) (mem. op.); *see also* TEX. R. APP. P. 38.1(g), (h), (i); *Corbin v. Reiner*, No. 13-18-00177-CV, 2019 WL 471123, at *2 (Tex. App.—Corpus Christi–Edinburg Feb. 7, 2019, no pet.) (mem. op.) ("A brief must explain how the law that is cited is applicable to the facts of the case."); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.) (explaining "statements of fact must be supported by direct references to the record that are precise in locating the facts asserted," "[r]eferences to legal authority that have nothing to do with the issue to be decided are contrary to the requirement of rule 38.1[]," and "sweeping statements of general law are rarely appropriate"). An appellant's brief must also contain a statement of the case that is "supported by record references." TEX. R. APP. P. 38.1(d); *see also Walker v. Davison*, No. 01-18-00431-CV, 2019 WL 922184, at *2 (Tex. App.—Houston [1st Dist.] Feb. 26, 2019, no pet.) (mem. op.) ("Adequate briefing [requires] proper citation to the record . . . ."); *Bolling*, 315 S.W.3d at 896 ("If record references are not made or are inaccurate, misstated, or misleading, the brief fails."). And it must state concisely the issues presented for review. TEX. R. APP. P. 38.1(f); *Petty*, 2014 WL 5500459, at *1–2 (where brief presents "no cognizable or discernable issues," it fails to comply

with Texas Rule of Appellate Procedure 38.1 and dismissal of appeal is warranted); *Lynd v. State Fair of Tex.*, No. 05-10-00831-CV, 2012 WL 92980, at *1–3 (Tex. App.—Dallas Jan. 11, 2012, pet. denied) (mem. op.) (dismissing appeal where appellant's brief listed sixteen issues on appeal, but "those issues [were] not understandable"); *see also Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (explaining "[a]n issue presented for appellate review is sufficient if it directs the reviewing court's attention to the error about which the complaint is made" and noting "it [is] inappropriate for [an appellate court] to speculate as to what [an] appellant may have intended to raise as an error by the trial court on appeal"). Additionally, an appellant's brief must include a prayer clearly stating the nature of the relief sought. TEX. R. APP. P. 38.1(j); *see also Silva v. GMAC Mortg., LLC*, No. 05-10-01338-CV, 2011 WL 4060982, at *1 (Tex. App.—Dallas Sept. 14, 2011, no pet.) (mem. op.) (where appellant's brief, among other things, failed to contain "a short conclusion that clearly state[d] the nature of the relief sought," it did not comply with Texas Rule of Appellate Procedure 38.1 and dismissal was warranted).

A pro se litigant is held to the same standard as a licensed attorney and must comply with all applicable laws and rules of procedure. *See Tyurin*, 2017 WL 4682191, at *2; *Holz v. United States of Am. Corp.*, No. 05-13-01241-CV, 2014 WL 6555024, at *1–2 (Tex. App.—Dallas Oct. 23, 2014, no pet.) (mem. op.) (pro se

litigant must adhere to Texas Rules of Appellate Procedure); *see also Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005).  An appellate court is

> not obligated to become [an] advocate[] for a particular litigant by performing research and developing argument for that litigant.  It is the appealing party's burden to discuss his assertions of error, and [the appellate court] ha[s] no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error.

*See Tucker*, 2020 WL 3969586, at *1 (internal citations and quotations omitted) (noting "any attempt to decipher [appellant's brief] as presented, would amount to making his arguments for him"); *see also Bolling*, 315 S.W.3d at 895 ("We are not responsible for identifying possible trial court error.  We are not responsible for searching the record for facts that may be favorable to a party's position.  And we are not responsible for doing the legal research that might support a party's contentions.  Were we to do so, even for a pro se litigant untrained in the law, we would be abandoning our role as judges and become an advocate for that party." (internal citations omitted)).  "Only when [an appellate court is] provided with proper briefing may [it] discharge [its] responsibility to review the appeal and make a decision that disposes of the appeal one way or the other." *Bolling*, 315 S.W.3d at 895.

Although Garrett has been given multiple opportunities to comply with the Texas Rules of Appellate Procedure, he has failed to do so.  *See, e.g., Steele v. Humphreys*, No. 05-19-00988-CV, 2020 WL 6440499, at *1–3 (Tex. App.—Dallas

Nov. 3, 2020, no pet.) (mem, op.). Garrett's November 16, 2021 corrected brief still does not "state concisely the nature of the case," "the course of proceedings, and the trial court's disposition of the case," "supported by record refences"; "state concisely all issues or points presented for review"; "state concisely and without argument the facts pertinent to the issues or points presented," "supported by record references"; "contain a succinct, clear, and accurate statement of the arguments made in the body of the brief"; "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"; and "contain a short conclusion that clearly states the nature of the relief sought." *See* TEX. R. APP. P. 38.1(d), (f), (g), (h), (i), (j); *see also Petty*, 2014 WL 5500459, at *1–2 (where brief presents "no cognizable or discernable issues" and contains "no coherent argument supported by appropriate citations" it fails to comply with Texas Rule of Appellate Procedure 38.1).

When, as here, an appellant files a brief that does not comply with the Texas Rules of Appellate Procedure and then files a corrected or amended brief that also does not comply, "the [appellate] court may strike the brief, prohibit the [appellant] from filing another, and proceed as if the [appellant] had failed to file a brief."[1] TEX.

---

[1] We note that because Lee filed a brief in this appeal, we could have regarded her appellee's brief as correctly presenting the case and affirmed the trial court's order upon that brief without examining the record. *See* TEX. R. APP. P. 38.8(a)(3); *Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at *2 n.2 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.); *Harkins v.*

R. APP. P. 38.9(a); *see also Tyurin*, 2017 WL 4682191, at \*2; *Clemens v. Allen*, 47 S.W.3d 26, 27–28 (Tex. App.—Amarillo 2000, no pet.). When an appellant fails to file a brief, we may dismiss his appeal for want of prosecution. TEX. R. APP. P. 38.8(a)(1); *Tyurin*, 2017 WL 4682191, at \*2. Accordingly, we strike Garrett's corrected brief filed on November 16, 2021 and dismiss the appeal. *See* TEX. R. APP. P. 38.9(a), 42.3(b), 43.2(f); *Tyurin*, 2017 WL 4682191, at \*1–2. We dismiss any pending motions as moot.

Julie Countiss
Justice

Panel consists of Justices Hightower, Countiss, and Guerra.

---

*Dever Nursing Home*, 999 S.W.2d 571, 573 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (when appellant's brief does not comply with Texas Rule Appellate Procedure 38.1, court may dismiss appeal for want of prosecution or regard appellee's brief as correctly presenting case and affirm trial court's judgment upon brief without examining record).